**Stanley MYSZKOWSKI, Plaintiff,**

v.

**The UNITED STATES GOVERNMENT, Defendant.**

**No. 82 C 3480.**

United States District Court,
N.D. Illinois, E.D.

Oct. 13, 1982.

Orner, Wasserman & Moore, Chicago, Ill., for plaintiff.

Mary S. Rigdon, Asst. U.S. Atty., Chicago, Ill., for defendant.

---

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Stanley Myszkowski brought the present action against the United States as a result of a collision between his car and a United States Postal Service vehicle. The defendant moved, under Federal Rule of Civil Procedure 12(b)(1), for dismissal due to lack of subject matter jurisdiction.[1] For the reasons stated below, the Court finds subject matter jurisdiction is lacking due to the running of the statute of limitations and, therefore, grants defendant's motion to dismiss.

The accident out of which this suit arose occurred on March 19, 1981. On October 13, 1981, Myszkowski filed an administrative claim for damages with the Postal Service. The Postal Service disallowed Myszkowski's claim on a finding that the accident was caused by his own negligence. A notice of the disallowed claim was mailed to the plaintiff on November 20, 1981. The final paragraph of the notice read as follows:

> Regulations require us to inform you that if you do not agree with this final action on your claim, you may file suit against the United States in an appropriate U.S. District Court *not later than six months from the date of this letter.* (Emphasis added).

Despite this warning, Myszkowski's suit against the United States was not filed until June 3, 1982, approximately six months and two weeks after the notice of the Postal Service's final action was mailed.

28 U.S.C. § 2401 recites the statute of limitations for actions against the United States.

>(a) Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

> (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

■ Since § 2401(a) is a general requirement, and § 2401(b) is a specific one, standard principles of statutory interpretation require the Court to adopt the specific requirement if it applies to the matter at issue. *Fourco Glass Co. v. Transmirra Corp.,* 353 U.S. 222, 228–29, 77 S.Ct. 787, 791–792, 1 L.Ed.2d 786 (1956). In this case the specific clause applies: Myszkowski alleges a tort claim, and § 2401(b) deals specifically with tort claims.

Plaintiff argues that even if he must abide by § 2401(b) rather than § 2401(a), he has not been time barred if he has *either* filed a claim with an administrative agency within two years *or* filed a claim in district court within six months after receiving a final notice from the Postal Service. However, the legislative history of § 2401(b) clearly indicates otherwise. This subsection was amended in 1966 by section 7 of Public Law 89–506. The purpose of the new law was to require all tort actions[2] against the government to be filed first with the appropriate federal agency for an administrative review. 1966 U.S.Code Cong. & Ad.News (80 Stat.) 2515. In its analysis of section 7 of the bill which became Public Law 89–506, the Senate Report said:

---

1. While the plaintiff does not allege a basis for jurisdiction in his complaint, the Court will assume from the arguments presented in his memorandum in opposition to the motion to dismiss, that the plaintiff agrees that the only proper basis for jurisdiction of this suit is the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.,* along with 28 U.S.C. § 1346 (which gives federal district courts original jur-isdiction of FTCA claims) and 28 U.S.C. § 2401 (which sets the statute of limitations for actions against the United States).

2. Previously, § 2401(b) section had only permitted tort claims under $2,500 to be filed under the administrative procedures. 28 U.S.C. § 2401(b) (*See* "Amendments" at p. 300) (1976).

The amendments [to § 2401(b) ] have the effect of simplifying the language of section 2401 to require that a claimant must file a claim in writing to the appropriate Federal agency within 2 years after the claim accrues, *and to further require* the filing of a court action within 6 months of notice by certified or registered mail or a final decision of the claim by the agency to which it was presented. (Emphasis added).

*Id.* at 2522. The amendment was passed in the same form as presented in the Senate Report.

 In our view, § 2401(b) provides that tort claimants filing suit against the United States can be barred by the statute of limitations in two ways: (1) they can be barred if they do not file a claim with the appropriate federal agency within two years; or (2) they can be barred even if they do file a timely administrative claim, but fail to file a suit in district court within six months after final notice of the agency's action on their claim. The Court finds Myszkowski barred by the second standard—he filed a timely administrative claim, but failed to file a timely suit in district court.

The plaintiff presents an alternative argument for the vitality of his suit. Myszkowski reasons that if he had waited the permitted two years to file his administrative action (until March, 1983) and then commenced suit six months after that date, his suit would not be barred until September of 1983. Therefore, he asserts it is unfair to bar his present suit, brought in June, 1982, since it was brought well before the last date logistically possible under the statute of limitations and since no detriment results to the defendant.

This argument is not persuasive. We have previously noted in *Stewart v. United States,* 503 F.Supp. 59 (N.D.Ill.1980), *aff'd,* 655 F.2d 741 (7th Cir.1981), that "the statute of limitations under the Federal Tort Claims Act is jurisdictional in nature and is not subject to equitable considerations." 503 F.Supp. at 63. *Accord Best Bearings Co. v. United States,* 463 F.2d 1177, 1179

(7th Cir.1972); *Childers v. United States,* 442 F.2d 1299, 1303 (5th Cir.), *cert. denied,* 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 99 (1971). Because the policy behind statutes of limitations is to protect defendants from stale claims regardless of potential liability, they are generally applied somewhat mechanically and without regard to the underlying merits of the claim. *Stewart* at 63. This is especially true in the case of claims against the federal government, since the United States, due to the doctrine of sovereign immunity, can be sued only upon express congressional authorization. *Thompson v. Dugan,* 427 F.Supp. 342, 344 (D.C.Pa. 1977). Congress has only authorized tort claims that fall within the limitations of § 2401(b) and finds no reason, on the facts of this case, to alter its position on the strict application of that statute.

Accordingly, the Court finds plaintiff's action to be barred by the statute of limitations and grants defendant's motion to dismiss for lack of subject matter jurisdiction. It is so ordered.