Billie Austin BRYANT, Plaintiff,

v.

Norman CARLSON, et al., Defendants.

Civ. A. No. 86–1692.

United States District Court,
District of Columbia.

Jan. 30, 1987.

Billie Austin Bryant, pro se.

Joseph E. DiGenova, U.S. Atty., Royce C. Lamberth, John M. Facciola, Asst. U.S. Attys., Civ. Div., Washington, D.C., for defendants.

## MEMORANDUM

OBERDORFER, District Judge.

Plaintiff, currently imprisoned at the United States Penitentiary in Marion, Illinois, filed a complaint on June 18, 1986.

He complains of inadequate medical care while incarcerated at the United States Penitentiary in Leavenworth, Kansas, from May 1984 to December 1985, and alleges that officials there exhibited deliberate indifference to serious medical needs in violation of his eighth amendment protection against cruel and unusual punishment. Plaintiff brings this action under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, and under the Constitution.[1] *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). He demands $1,500,-000 in compensatory and punitive damages, and various forms of injunctive relief.

Defendants are Norman Carlson, Director of the United States Bureau of Prisons; Jerry O'Brien, warden of the Leavenworth Penitentiary; and the United States.

## I.

Plaintiff's claim under the FTCA is barred by the statute of limitations. Prior to the initiation of this action, plaintiff filed an administrative tort claim with the Bureau of Prisons. The Bureau denied plaintiff's claim and mailed him notice of such denial on November 8, 1985. Plaintiff acknowledged receipt of this notice on November 18, 1985. He subsequently initiated this action on May 31, 1986. 28 U.S.C. § 2401(b) provides:

> (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing by certified or registered mail,

of notice of final denial of the claim by the agency to which it was presented.

Read literally, the statute permits a suit to be filed if either of the conditions are satisfied—i.e., if the claim is presented to the agency within two years of its accrual or if suit is filed within six months of the agency's notice of denial. However, our Court of Appeals has held that "common sense and the legislative history [of subsection 2401(b)] tell us that it requires the claimant *both* to file the claim with the agency within two years after accrual of the claim and then to file a complaint in the District Court within six months after the agency denies the claim." *Schuler v. United States*, 628 F.2d 199, 201 (D.C.Cir. 1980) (per curiam) (emphasis in original); *see also Willis v. United States*, 719 F.2d 608 (2d Cir.1983). Because plaintiff did not file this action within six months of the notice, the FTCA claim is barred.[2]

Furthermore, even if the FTCA claims were not barred, venue under FTCA would not be proper here. Venue exists only where the cause of action arose or where the plaintiff resides. 28 U.S.C. § 1402(b). Plaintiff's cause of action arose in Kansas, and the plaintiff resides in Illinois, where he is presently incarcerated. *See In re Pope*, 580 F.2d 620, 622 (D.C.Cir. 1978).

## II.

The claims against the individual defendants must be dismissed because neither defendant is personally responsible for plaintiff's alleged mistreatment. In his complaint, plaintiff complains primarily that the prison medical staff has failed to provide him with prescribed medical care,[3]

---

1. Plaintiff also purports to bring this action under 42 U.S.C. § 1983 but does not name any state official as defendant or allege any action taken under color of state law. The Complaint therefore does not state a cause of action under section 1983.

2. Plaintiff objects that the notice was not sent to him by registered or certified mail. In fact, the notice was sent by certified mail to the warden of the Leavenworth Penitentiary, and then delivered to plaintiff, at which time plaintiff signed a receipt acknowledging delivery of the notice.

The date of this receipt was November 18, 1985. Exhibit B to Defendants' Reply to Plaintiff's Opposition to Government's Motion to Dismiss and Transfer (filed September 18, 1986). This procedure satisfies the requirements of 28 U.S.C. § 2401(b).

3. Plaintiff mentions, for example, that he was examined by a neurological specialist at the University of Kansas Medical Center who recommended that plaintiff undergo a CAT–Scan diagnostic evaluation to determine the cause of numbness in plaintiff's left side. The prison

and sues the two named individual defendants because of their supervisory positions. It is established law, however, that a constitutional tort action may be brought only against those personally responsible for the wrongs, and not against others on the theory of respondeat superior. *See McClam v. Barry,* 697 F.2d 366, 368 (D.C.Cir.1983); *Tarpley v. Greene,* 684 F.2d 1, 9–11 (D.C. Cir.1982); *see also James v. Golden,* C.A. 85–0739, Memorandum at 6 (D.D.C. Feb. 25, 1986).

In response to defendants' motion to dismiss, plaintiff asserts for the first time that he notified defendants of his mistreatment in two letters, copies of which are attached to an accompanying affidavit. The letters are handwritten, are dated August 18, 1985 and September 5, 1985, and are addressed to defendant O'Brien and defendant Carlson, respectively. In his affidavit, plaintiff repeatedly refers to the events described in the letters as occurring in 1986. More important, in the body of the September 5 letter, purportedly written in 1985, plaintiff complains that he has "not seen a doctor about my condition since July 12, *1986.*" (Emphasis added.) It is incomprehensible that a person writing by hand in September 1985 could mistakenly refer to the year as 1986. *Compare* Reply to Defendants Carlson's and O'Brien's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss (filed December 5, 1986). Furthermore, defendants have submitted an affidavit stating that a diligent search has failed to locate the original copies of these letters in any of the files in which they might be found. Declaration of Doris Page at ¶ 3, in Defendants Carlson's and O'Brien's Reply to Plaintiffs Opposition to Defendants Motion to Dismiss (filed November 14, 1986). Under the circumstanc-

es, it is patent that these letters were composed recently for the purpose of litigation and are not credible. Treating defendants' motion to dismiss as a motion for summary judgment,[4] these letters do not constitute "sufficient evidence ... for a jury to return a verdict for [plaintiff]." *Anderson v. Liberty Lobby, Inc.,* —— U.S. ——, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Accordingly, these letters do not preclude a grant of summary judgment on defendants' behalf. *See Anderson, supra; Celotex Corp. v. Catrett,* —— U.S. ——, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Whitaker v. Coleman,* 115 F.2d 305, 306 (5th Cir.1940); 6 J. Moore, Moore's Federal Practice § 56.-15[4] at 56–521 (2d.ed. 1985).

Plaintiff has not credibly suggested that defendants were aware of plaintiff's alleged mistreatment, or that their failure to know or correct that mistreatment constituted an actionable breach of duty to him under the eighth amendment to the Constitution. Under these circumstances, the claims against the individual defendants cannot stand. *See Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

■ Furthermore, even if these individuals were proper defendants, venue would not lie in this Court. Under 28 U.S.C. § 1391(b), plaintiff's claim may be brought only in the district where all defendants reside or the claim arose. *See Stafford v. Briggs,* 444 U.S. 527, 100 S.Ct. 774, 63 L.Ed.2d 1 (1980). As stated above, the claim arose in Kansas. In addition, defendant O'Brien resides in Kansas. Thus, venue is not proper here.

### III.

■ Plaintiff's claim for monetary relief against the United States must be dis-

---

medical staff allegedly failed to follow that recommendation. Complaint at ¶ 13 (filed June 18, 1986).

**4.** Pursuant to Federal Rule of Civil Procedure 12(b) and our Court of Appeals' recent decision in *Haase v. Webster,* 807 F.2d 208 (D.C.Cir.1986), the Court advised plaintiff that defendants' motion to dismiss the claims against defendants Carlson and O'Brien shall be treated as a motion

for summary judgment, and instructed plaintiff to file all pleadings and evidence admissible under Fed.R.Civ.P. 56 in opposition to that motion. Order (filed December 19, 1986). On January 28, 1987, plaintiff filed a pleading fashioned "Response to Court Order Dated December 19, 1986." That pleading makes several allegations. None of these allegations concern defendants Carlson or O'Brien.

missed because the United States retains its sovereign immunity from claims for damages arising from the alleged constitutional torts of its employees.

■ With regard to plaintiff's claim for injunctive relief, considerations of justice and convenience to the parties require that it be transferred to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1404(a). Plaintiff and his medical records are in Illinois, and the relief, if any, would be furnished there as well. There is no similar interest in having these proceedings in the District of Columbia. Venue is proper in Illinois because plaintiff presently resides there. 28 U.S.C. § 1391(e).

An appropriate Order will issue.

ORDER

For reasons stated in an accompanying Memorandum, it is this 30th day of January, 1987, hereby

ORDERED: that plaintiff's claims under the Federal Tort Claims Act should be, and hereby are, DISMISSED; and it is further

ORDERED: that plaintiff's claims against defendants Carlson and O'Brien should be, and hereby are, DISMISSED; and it is further

ORDERED: that plaintiff's action for monetary relief against the United States should be, and hereby is, DISMISSED; and it is further

ORDERED: that plaintiff's action for injunctive relief against the United States should be, and hereby is, TRANSFERRED to the United States District Court for the Southern District of Illinois, pursuant to 28 U.S.C. § 1404(a).