STATE FARM INSURANCE CO. a/s/o Tamaara Mason, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 97 C 8871.

United States District Court, N.D. Illinois, Eastern Division.

June 11, 1998.

Richard E. Nugent, Frank A. McAllenan, Mark R. Meyer, Amy Jo Hemmingsen, Chicago, IL, for Plaintiffs.

Mark N. Geall, Special Asst. U.S. Atty., Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant United States' motion to dismiss plaintiffs State Farm Insurance Co. and Tamaara Mason's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, the court grants defendant's motion to dismiss.

## I. BACKGROUND

On January 6, 1997, a United States Postal Service vehicle driven by a Postal Service employee hit Tamaara Mason's vehicle, which was insured by State Farm Insurance Co. ("State Farm"). After the accident, State Farm and Mason filed an administrative claim with the United States Postal Service. The Postal Service denied the claim on June 9, 1997.

On December 23, 1997, State Farm and Mason filed suit against the United States. The complaint asserts various claims for neg-ligence and violations of the Illinois Vehicle Code. In response to plaintiffs' complaint, the United States filed a motion to dismiss plaintiffs' complaint, arguing that this court does not have subject matter jurisdiction over the case because plaintiffs failed to comply with the time requirement of 28 U.S.C. § 2401(b).

## II. DISCUSSION

### A. Standard for deciding a Rule 12(b)(1) motion to dismiss

■ The standard of review for a Rule 12(b)(1) motion to dismiss depends upon the purpose of the motion. See Freiburger v. Emery Air Charter, 795 F.Supp. 253, 256 (N.D.Ill.1992). If the motion merely challenges the sufficiency of the allegations of subject matter jurisdiction, then the court must accept as true all well-pleaded factual allegations and construe them favorably to the pleader. Rueth v. United States EPA, 13 F.3d 227, 229 (7th Cir.1993). However, if the motion denies the truth of the allegations, the court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Capitol Leasing Co. v. FDIC, 999 F.2d 188, 191 (7th Cir.1993). Dismissal is proper if it appears beyond doubt that the plaintiff cannot prove any set of facts consistent with the pleadings that would entitle him to the relief requested. Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### B. Time for commencing actions against the United States

The United States argues that State Farm and Mason's complaint should be dismissed because it is barred by the statute of limitations for actions against the United States. The United States claims that State Farm and Mason failed to file their complaint in a timely manner because the complaint was not filed within the six month period required by 28 U.S.C. § 2401(b).

■ In pertinent part, section 2401(b) provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C.A. § 2401(b). Even if the plaintiff files a timely administrative charge, section 2401(b) bars plaintiff's claim if the plaintiff fails to file suit in district court within six months after final notice of the agency's action on their claim. *Myszkowski v. United States,* 553 F.Supp. 66, 68 (N.D.Ill.1982). Failure to file suit within six months as required by section 2401(b) divests the court of subject matter jurisdiction over the plaintiff's claim. *Crawford v. United States,* 796 F.2d 924, 927 (7th Cir.1986); *Charlton v. United States,* 743 F.2d 557, 558 (7th Cir.1984); *Brack v. Bogan,* No. 90 C 5966, 1990 WL 251765, at *2 (N.D.Ill.Dec.18, 1990).

In this case, State Farm and Mason filed a timely administrative claim. On June 9, 1997, the Postal Service denied plaintiff's claim. The notice of denial was sent by the Postal Service via registered mail and was date stamped as being received on June 16, 1997. Plaintiffs did not file their complaint until December 23, 1997. Therefore, plaintiffs failed to file suit within six months as required by section 2401(b). *Tribue v. United States,* 826 F.2d 633, 634 (7th Cir.1987). Plaintiffs' failure to comply with section 2401(b) divests this court of jurisdiction over plaintiffs' claims.

Plaintiffs concede that they did not file their claims within six months after the Postal Service denied their claim. Plaintiffs' sole argument is that the court should read section 2401(b) as providing that a plaintiff's claim is not time barred if the plaintiff either (1) files his claim with the administrative agency within two years or (2) files his claim in district court within six months after receiving a final notice from the agency. Under this reading, plaintiffs argue, their claims are timely because they filed their administrative claim with the Postal Service within two years after the accident.

The legislative history of section 2401(b) does not support plaintiff's argument. In pertinent part, the Senate Report on section 2401(b) states:

The amendments [to § 2401(b) ] have the effect of simplifying the language of section 2401 to require that a claimant must file a claim in writing to the appropriate Federal agency within 2 years after the claim accrues, and to further require the filing of a court action within 6 months of notice by certified mail or registered mail or a final decision of the claim by the agency to which it was presented.

Pub.L. 89–506,1966 U.S.C.C.A.N. (80 Stat.) 2515, 2522. Relying on this part of the legislative history, the majority of courts have held that section 2401(b) bars a plaintiff's claim against the United States if either the plaintiff (1) does not file a claim with the appropriate administrative agency within two years or (2) does not file the claim within six months after the agency denies the claim. *E.g., Houston v. United States Postal Serv.,* 823 F.2d 896, 902 (5th Cir.1987); *Willis v. United States,* 719 F.2d 608, 613 (2d Cir. 1983); *Schuler v. United States,* 628 F.2d 199, 201 (D.C.Cir.1980); *Bryant v. Carlson,* 652 F.Supp. 1286, 1287 (D.D.C.1987); *Myszkowski,* 553 F.Supp. at 68.

The court agrees with the above cited cases that section 2401(b) bars a plaintiff's claim if the plaintiff fails to file the claim within six months after the agency's denial of the claim even if the plaintiff had filed a timely claim with the administrative agency. Accordingly, the court finds that it does not have subject matter jurisdiction over plaintiffs' claims because plaintiffs failed to file suit within six months after the Postal Service mailed the notice of denial.

## III. *CONCLUSION*

For the foregoing reasons, the court grants the defendant United States' motion to dismiss plaintiffs State Farm Insurance Co. and Tamaara Mason's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and dismisses plaintiffs' complaint with prejudice. Final judgment is entered in this case in favor of defendant the United

States of America and against plaintiffs State Farm Insurance Co. and Tamaara Mason.