**William KOLLIOS et al.,
Petitioners-Appellants,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

**No. 74–1416.**

United States Court of Appeals,
First Circuit.

Submitted March 5, 1975.

Decided April 1, 1975.

Theodore C. Garabedian, Worcester, Mass., on brief for appellants.

James N. Gabriel, U. S. Atty., and Marshall D. Stein, Asst. U. S. Atty., Boston, Mass., on brief for appellee.

Before COFFIN, Chief Judge, ALDRICH and McENTEE, Circuit Judges.

COFFIN, Chief Judge.

On January 24, 1974 each appellant commenced in the district court an action to recover from the government for damages sustained as a result of a 1968 vehicular accident. The district court dismissed the cases as barred by the applicable statute of limitations, 28 U.S. C.A. § 2401(b), which relevantly provides:

"A tort claim against the United States shall be forever barred unless . . . action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

We have concluded that oral argument will not be of assistance with regard to the narrow issue presented on appeal, and thus proceed on the basis of the briefs submitted by the parties. First Circuit Rule 12.

Appellants' administrative claims were denied by letter dated July 23, 1973.

The district court applied the so-called "modern doctrine" for the computation of the six-month period, excluding the initial or trigger day and including the last day of the period. Using this method of calculation and taking July 23 as the trigger day, it is clear that the six-month period described by the statute ended on January 23, 1974.

In order to prevail, then, appellants must establish that July 23 was not the trigger day, and in support of that position they have fashioned a tortuous argument. They emphasize that section 2401(b) requires initiation of the action within six months "after the date" of mailing, and urge that for that reason their concession that they did not file within six months "after the mailing" or "from the mailing" does not dispose of this case. They would have us hold that the first point in time "after the date of mailing" was July 24, which therefore must be regarded as the trigger day.

Appellants have referred us to no authority supporting their position, and our independent research has discovered none. Their argument might have some force if the time of the day at which a document is filed affected the computation of time under federal statutes or rules, but that is not the case. Moreover, the utilization of different systems for computation depending on whether an event or a "date" is taken as the starting point would run strongly counter to efforts to establish a uniform system of computation for the convenience of both litigants and the courts.[1] Pursuant to F.R.A.P. 31(a), for example, the appellant must file his brief "within 40 days after the date on which the record is filed". The appellee, however, must file within 30 days "after service" of appellant's brief, and appellant in turn may file a reply brief within 14 days "after service" upon him of appellee's brief. If these various formulations mean what appellants say they do, then the trigger day for the computation with regard to appellant's brief is the day *after* the record is filed, while measurement for appellee's brief and the reply thereto begins on the very day of service.[2]

Despite our lack of enthusiasm for any "technicality" which prevents individuals from presenting for adjudication the claims which they have against the government, the construction of section 2401(b) suggested by appellants would serve no useful end while wreaking havoc on the hitherto orderly computation of time under federal rules and statutes.

Affirmed.

---

1. *See* Fed.R.Civ.P. 6(a); F.R.A.P. 26(a); 4 C. Wright & A. Miller, Federal Practice and Procedure § 1163.

2. *See also* the various formulations of time measurement in F.R.A.P. 4, some starting from an event and some from a date.