**Angela M. STEWART, A Minor by Mary Stewart, her mother and next friend, Plaintiff-Appellant,**

v.

**UNITED STATES of America, et al., Defendants-Appellees.**

No. 80–2516.

United States Court of Appeals, Seventh Circuit.

Argued May 27, 1981.

Decided June 4, 1981.*

* This appeal was originally decided by unreported order on June 4, 1981. See Circuit Rule 35.

The Court has subsequently decided to issue the decision as an opinion.

Frederick H. Branding, Asst. U. S. Atty., Michael S. O'Connell, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellant.

Sherwin Greenberg, Skokie, Ill., for defendants-appellees.

Before CUMMINGS and PELL, Circuit Judges, and MARKEY,** Chief Judge of the U. S. Court of Customs and Patent Appeals.

MARKEY, Chief Judge.

In a letter dated September 27, 1979, the Postal Service denied plaintiff's claim for injuries suffered in a collision with one of its trucks. In accord with the Federal Tort Claims Act, 28 U.S.C. § 2401 (Act), the letter notified plaintiff of her right to file suit "against the United States ... not later than six months from the date of this letter." Plaintiff sued the Postal Service and its truck driver on March 26, 1980. The Government moved to dismiss or for summary judgment on June 2, 1980, on the ground that the United States is the only proper defendant under the Act. On July 23, 1980, plaintiff amended her complaint,

adding the United States as a defendant. The district court, 503 F.Supp. 59, granted the motion to dismiss on September 26, 1980, holding that the limitation in the Act on time for bringing suit was jurisdictional in nature and not subject to equitable considerations. *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972).

On appeal, plaintiff argues that her suit against the truck driver, an employee of the United States, was in effect a suit against the United States. Plaintiff has no cause of action, however, against an employee, her exclusive remedy being an action against the United States. *Noga v. United States*, 411 F.2d 943 (9th Cir. 1969), *cert. denied*, 396 U.S. 841, 90 S.Ct. 104, 24 L.Ed.2d 92 (1969). Plaintiff also argues that her amendment of July 23, 1980, should be related back to March 26, 1980, under Rule 15(c) of the Federal Rules of Civil Procedure because the Government would not be prejudiced thereby. Relation back under Rule 15(c) requires, however, that actual notice be received by the Government within the period provided by law for commencing the action. *Carr v. Veterans Administration*, 522 F.2d 1355 (5th Cir. 1975). That notice must comply with Rules 4(d)(4) and (5). *Notes of Advisory Committee on Rules*, 39 F.R.D. 82 (1966). No notice, formal or informal, occurred during the limitations period here. Having elected to file suit on the last day of the limitations period, plaintiff requests us to add to that period a "reasonable time" for service of process. We cannot expand the fully adequate six-month period established by Congress. Moreover, application of Rule 15(c) to the Government in the absence of proper notice within the limitations period would result in prejudice by eliminating the statute of limitations defense. *Wood v. Worachek*, 618 F.2d 1225 (7th Cir. 1980). Plaintiff's remedy is a malpractice suit.

Affirmed.

** The Honorable Howard T. Markey, Chief Judge of the United States Court of Customs and Patent Appeals, is sitting by designation.