Mary MURRAY, Plaintiff,

v.

UNITED STATES POSTAL
SERVICE, Defendant.

No. 83–CV–458.

United States District Court,
N.D. New York.

Aug. 30, 1983.

Lekki & Crowe, Canton, N.Y., for plaintiff; Michael C. Crowe, Canton, N.Y., of counsel.

Frederick J. Scullin, Jr., U.S. Atty., Syracuse, N.Y., for defendant; Paula Ryan Conan, Asst. U.S. Atty., Syracuse, N.Y., of counsel.

MEMORANDUM–DECISION
AND ORDER

McCURN, District Judge.

Plaintiff Mary Murray brought this suit under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.,* seeking damages for injuries sustained from her slip and fall on the steps of the United States Post Office in Massena, New York. The United States now moves to dismiss the suit as untimely pursuant to 28 U.S.C. § 2401(b). Plaintiff cross moves for leave to file an amended complaint pursuant to Rule 15(c), Fed.R. Civ.P. For the reasons discussed herein, defendant's motion is denied and plaintiff's motion is granted.

Following her accident, Murray filed a timely administrative claim which was de-

nied by letter dated October 26, 1982. This action was commenced on April 25, 1983, by the filing of a complaint against the "United States Postal Service." On the following day, April 26th, plaintiff's attorney telephoned the United States Attorney's office in Syracuse, New York, and discussed the procedure for service of process with an Assistant United States Attorney. Service of process was then accomplished on April 27, 1983.

The government asserts first—and plaintiff concedes—that the "United States Postal Service" is not a proper defendant in a claim under the Federal Tort Claims Act; that the correct defendant is the "United States". *See* 28 U.S.C. §§ 1346(b), 2679. Thus the complaint must be dismissed, unless it can be amended and made to relate back to the date of the original pleading, April 25, which both parties agree was timely.

The relation back of amendments is governed by Rule 15(c), Fed.R.Civ.P. The rule provides in pertinent part, that:

An amendment changing the party against whom a claim is asserted relates back [to the date of the original pleading] if ... within the period provided by law for commencing an action against him, the party to be brought in by the amendment ... has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits....

The United States contends that the amended complaint cannot be made to relate back to the date of the original pleading because notice of the claim, i.e., service of process, was not given to it within the limitations period of the Federal Tort Claims Act, as set forth in 28 U.S.C. § 2401(b). Murray advances three alternative arguments to the contrary: (1) service of process was effected within the limitations period of § 2401(b); (2) Rule 15(c) implicitly includes a reasonable time for service of process after the expiration of the limitation period; (3) her attorney's telephone call to the United States Attorney's

Office constituted timely notice to the defendant under Rule 15(c).

The first task of the Court is to ascertain the last date on which Murray could have commenced this action—a point of contention between the parties. 28 U.S.C. § 2401(b) provides that:

a tort claim against the United States shall be forever barred ... unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

In this case the agency mailed the notice on October 26, 1982. In accordance with Rule 6(a), Fed.R.Civ.P., the limitation period began to run on the following day, October 27th. The dispute here is whether the statutory six-month period ends on April 26th or includes April 27th.

There is a split of authority as to the proper method for calculating the expiration of this statutory period. *Compare Yedwab v. United States,* 489 F.Supp. 717 (D.N.J.1980) (period runs from the day after mailing to the day *before* the same calendar date six months later) *with Bledsoe v. Department of Housing & Urban Development,* 398 F.Supp. 315 (E.D.Pa.1975) *and Rodriguez v. United States,* 382 F.Supp. 1 (D.P.R.1974) (period runs from the day after mailing up to and including the same calendar date six months later). Contrary to plaintiff's contention, the Court does not believe that the question was resolved in the Fifth Circuit by *Carr v. Veterans Administration,* 522 F.2d 1355 (1975). In *Carr,* the court was focusing on when the period under § 2401(b) *began,* not when it ended. After determining that the period began on February 5, 1973 the court concluded, without explaining its calculation, that the period ended on August 6, 1973. It may well be that the court was following the method articulated in *Bledsoe* and *Rodriguez.* However, it is equally likely that the court followed the method described in *Yedwab,* tentatively calculated that the last day for commencing suit was Saturday, August 4 (or possibly Sunday, August 5), and then extended the deadline to Monday August 6,

pursuant to Rule 6(a), Fed.R.Civ.P. In either event, *Carr* simply does not address the question before this Court and affords no weight to either party's argument.

■ Although the method employed in *Bledsoe* and *Rodriguez* is commended by its liberality, the Court concludes that the method employed in *Yedwab* is mandated by the language and logic of § 2401. As stated previously, the limitation period began to run on the day following mailing: October 27th. The last day of the first month is therefore November 26, and *not* November 27, which is the first day of the second month. Accordingly, the last day of the sixth month is April 26—not April 27—and an action commenced after April 26 is not commenced "within six months after the date of mailing" within the meaning of § 2401(b). Thus when plaintiff served process on the United States Attorney on April 27th, the period for commencing this action had already expired.

Murray next contends that Rule 15(c) permits the relation back of an amendment if service of process was effected within a reasonable amount of time after the timely filing of the complaint. In opposition to this contention, the government has produced an impressive array of cases in which it was held that the amendment to substitute the "United States" for the incorrectly named defendant could not relate back to the time of filing. In each case the complaint had been timely filed, but notice to the United States, by service of process, occurred after expiration of the statute of limitations. *E.g., Hughes v. United States,* 701 F.2d 56 (7th Cir.1982); *Murray v. United States Postal Service,* 550 F.Supp. 1211 (D.Mass.1982); *Stewart v. United States,* 503 F.Supp. 59 (N.D.Ill.1980) *aff'd,* 655 F.2d 741 (7th Cir.1980); *Lomax v. United States,* 155 F.Supp. 354 (E.D.Pa.1957).

The Second Circuit, however, has expressly rejected the rigid interpretation of Rule 15(c) that governed the cases cited by the defendant. *Ingram v. Kumar,* 585 F.2d 566 (2d Cir.1978). In *Ingram,* the plaintiff had filed a timely complaint of medical malpractice, but had mistakenly identified the defendant as "Vijay S. Kumar" instead of "Vijaya N. Kumar". After the statute of limitations had expired, Ingram learned of the mistake, served process on the correct defendant, and moved to amend the complaint to change the named defendant. The issue there, as here, was whether the amended complaint could relate back to the time of filing, even though service of process had not been effected until after the period for commencement of the action had expired.

Facing the problem directly, the Second Circuit held that:

> . . . under Rule 15(c) the period within which "the party to be brought in" must receive notice of the action includes the reasonable time allowed under the federal rules for service of process.

*Id.* at 571–72.

Thus, if this Court is to apply the rule of *Ingram,* plaintiff's amended complaint may relate back to the date of filing, because service of process was effected a mere two days afterward. The United States counsels against following *Ingram,* however, largely on the ground that *Ingram* was a diversity suit, and did not involve the Federal Tort Claims Act.

The construction of Rule 15(c) announced by the Court of Appeals in *Ingram* was not limited to diversity cases, nor did the jurisdictional basis of the suit have any bearing on the Court's reasoning. The important feature to the Second Circuit was that the action was commenced in a timely fashion by the filing of a complaint, and service followed within a reasonable time thereafter. There are ample indications in the decision that the rule would obtain in federal question cases as well. *See id.* at 571 n. 8, 572 n. 12.

Nor is there any basis for concluding that the Second Circuit would devise a different rule for claims under the Federal Tort Claims Act. Indeed, in harmonizing its rule with the precedents, the Court discussed an FTCA case, *Evans v. Veterans Administration,* 391 F.2d 261 (2d Cir.1968), in which the plaintiff had not been permitted to amend

her claim so as to relate back to the date of filing. The *Ingram* Court distinguished *Evans* not on the basis of it being an FTCA case, but on the basis that the plaintiff in *Evans* had delayed unreasonably in serving process, thereby forfeiting any opportunity to have an amended complaint relate back. *Id.* at 572 n. 12.

■ Indeed, it can well be argued that the *Ingram* rule makes particular sense as applied to an FTCA case. The requirement that the United States be sued in its own name rather than in the name of the offending agency or officer is a trap for the unwary that has often been criticized for preventing too many deserving claimants from obtaining relief against the government. See 6 Wright & Miller, *Fed.Prac. & Proc.* § 1502 (1971 ed.), *citing, inter alia,* Byse, "Suing the Wrong Defendant in Judicial Review of Federal Administrative Action: Proposals for Reform," 77 *Harv.L. Rev.* 40 (1963). Where, as here, the FTCA claimant had duly complied with the administrative procedures, had subsequently filed a timely complaint, had thereafter effected service of process within a reasonable time, and has only erred by naming the "United States Postal Service" as defendant instead of the "United States", application of the *Ingram* rule is probably more appropriate and defensible than it was in *Ingram* itself.

Because the Court has determined that, under the rule of *Ingram v. Kumar, supra,* the plaintiff is entitled to serve an amended complaint which will relate back to the date of the original pleading under Rule 15(c), it is not necessary to address plaintiff's third contention, that the United States Attorney had sufficient notice of the action on April 26th to satisfy Rule 15(c).

Accordingly, defendant's motion to dismiss is denied; plaintiff's motion to serve an amended complaint is granted.

IT IS SO ORDERED.