Patricia Ann EDWARDS, et al., Plaintiffs,

Patricia Ann Edwards, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.
No. 84–4559
Summary Calendar.
United States Court of Appeals, Fifth Circuit.

March 25, 1985.

and without a cash balancing provision, the "confusion of submitting a different proposal" would have been nonexistent.

Timothy R. Fischer, Shreveport, La., for plaintiff-appellant.

Joseph S. Cage, Jr., U.S. Atty., D.H. Perkins, Jr., Asst. U.S. Atty., Shreveport, La., for defendant-appellee.

Before CLARK, Chief Judge, GARWOOD, and JOLLY, Circuit Judges.

PER CURIAM:

## I

Edwards appeals the dismissal of her tort suit against the United States, claiming the statute of limitations has not barred her action. Because her claim against the government relates back to an action brought against the allegedly negligent agent and agency in which service of a summons directed to the "United States of America" was effected upon the United States Attorney within the limitation period, we vacate the dismissal order and remand for further proceedings.

## II

Edwards claims that an unattended postal vehicle rolled into her car, injuring her and causing damages to the vehicle. She filed an administrative claim, but was denied relief on February 28, 1983. Notice of denial was mailed the same day. Under 28 U.S.C. § 2401(b), she had six months from the day after this notice was mailed to bring suit against the United States. The parties stipulated that the statute of limitations expired on September 1, 1983. We accept the stipulation and do not decide whether the limitations period expired on August 31 or September 1. *See Murray v. United States Postal Service,* 569 F.Supp. 794, 795–96 (N.D.N.Y.1983).

On August 26, 1983, Edwards filed a complaint under the Federal Tort Claims Act (FTCA), naming the United States Postal Service and the driver of the postal vehicle, Sutton, as defendants. Summonses were issued to the named defendants and also to the Attorney General of the United States and the United States of America on August 29, 1983. Service was made on August 29, 1983 on the United States Postmaster, and on Sutton. The United States Attorney for the Western District of Louisiana accepted service of the process addressed to the "United States of America" on August 30, 1983. No document appears in the reconstructed record of appeal nor is an entry reflected in the docket sheet of the district court establishing when a copy of the original summons and complaint was sent by registered or certified mail to the Attorney General of the United States to complete service upon the United States under Federal Rule of Civil Procedure 4(d)(4).

Edwards' original complaint formally named only the Postal Service and Sutton as defendants. Edwards eventually recognized this defect and amended her complaint to name the United States as the defendant. *See* 28 U.S.C. §§ 1346(b), 2679. Service of the amended complaint on the United States Attorney for the Western District of Louisiana was again made on November 23, 1983. Neither the record nor the docket sheet establish the completion of service of the amended complaint on the United States by mailing to the Attorney General of the United States.

The government then filed a motion to dismiss, claiming the amended action against the United States was untimely, because it was commenced after September 1, 1983. The district court granted the motion, holding that the amended complaint did not relate back to the original timely complaint, pursuant to Federal Rule of Civil Procedure 15(c). Edwards now appeals.

### III

Unless the amendment relates back to the original complaint, the complaint is untimely and must be dismissed. Federal Rule of Civil Procedure 15(c) governs when an amendment to a complaint will relate back to an original pleading. It states that a claimant may substitute a party if the claim or defense arose out of the same conduct, transaction or occurrence set forth in the original pleading and the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

The government contends that the final paragraph quoted above has no effect on this case, because the service upon the United States Attorney and Attorney General was made in their capacity as representatives for the Postal Service, not the United States.

The government relies on two cases to support this argument. *Hughes v. United States,* 701 F.2d 56 (7th Cir.1982), and *Carr v. Veterans Administration,* 522 F.2d 1355 (5th Cir.1975). Both cases involved procedural circumstances similar to the case at bar. However, in neither *Hughes* nor *Carr* did the United States Attorney for the district or the Attorney General of the United States receive notice of the proceedings until after the statutes of limitation had expired. Neither case reached the issue presented here—namely whether, in an action in which the United States is not named as a party defendant, service upon the proper United States Attorney of process addressed to the United States of America is "the delivery or service of process to the United States Attorney" which will satisfy the requirements of Rule 15(c).

*Hughes* emphasizes that actual notice within the limitation period is required. We agree that the strict construction to be accorded the waiver of sovereign immunity which this court expressly required in *Carr* requires that such notification be objectively sure. It was so here. The summons served on the United States Attorney for the Western District of Louisiana within the statutory limitation period was addressed to the United States of America. Literal compliance with Rule 15(c) was had. The docket of the case reflected that this summons was in addition to summonses served on the Postal Service and Sutton.

The Notes of the Advisory Committee on Rules, 1966 Amendment explain that the acute problem that produced this amendment had arisen in cases brought by pri-

**1158**

vate parties against officers and agencies of the United States. The producing cause of the amendment was the line of cases which, despite the relation back provisions of the Rule, analyzed the right to amend and the effect of an amendment in terms of a "new proceeding." Recognizing that relation back was intimately connected with the policy of the statute of limitations, the note observes:

> For the government was put on notice of the claim within the stated period—in the particular instances, by means of the initial delivery of process to a responsible government official (see Rule 4(d)(4) and (5)). In these circumstances, characterization of the amendment as a new proceeding is not responsive to the realty, but is merely question-begging; and to deny relation back is to defeat unjustly the claimant's opportunity to prove his case.

■ As the advisory committee note makes clear, Rule 15(c) creates an irrebuttable presumption that when the United States Attorney receives service of a complaint in which the United States would have been a proper defendant if named before the statute of limitations expires, no prejudice results to the United States in permitting a subsequent amendment formally naming it as the proper party. The state of the reconstructed record on appeal is such that we cannot tell whether service on the United States has been perfected by mailing to the Attorney General of the United States. While required by Rule 4(d)(4), the terms of Rule 15(c) are expressed in the alternative "delivery or mailing" to the "United States Attorney or his designee or the Attorney General of the United States." Therefore, even if more remains to be done to complete service of process under Rule 4(d)(4), the requirements of Rule 15(c) have been satisfied and Edwards' amendment relates back to the time of filing of the original complaint. This satisfies the limitation requirements of 28 U.S.C. § 2401(b).

The order of the district court dismissing this action is vacated and the cause is remanded for further proceedings.

**VACATED AND REMANDED.**