Austin **VERNELL**, Acting for and on Behalf of the community estate and Helen **VERNELL**, Individually, Plaintiff-Appellant,

v.

**UNITED STATES POSTAL SERVICE**, Defendant-Appellee.

No. 86–4658.

United States Court of Appeals, Fifth Circuit.

June 12, 1987.

---

Frank Granger, Norman L. Williams, Lake Charles, La., for plaintiff-appellant.

D.H. Perkins, Shreveport, La., John R. Halliburton, Lawrence W. Moon, Jr., Asst. U.S. Attys., Lafayette, La., Edmund H. Feldman, Law Dept., U.S. Postal Service, Washington, D.C., for defendant-appellee.

Before GOLDBERG, HILL and JONES, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

This appeal presents an issue of first impression for this circuit: how is the six-month statute of limitations period under the Federal Tort Claims Act (FTCA) computed.

## I.

Helen Vernell alleges that on August 16, 1982, she slipped and fell and injured herself on an excessively waxed floor of the main post office in Lake Charles, Louisiana. Vernell presented a timely and proper administrative claim to the United States Postal Service as required by 28 U.S.C. § 2675, the applicable provision of the FTCA. *See* 28 U.S.C. § 2674; 28 U.S.C. §§ 1346(b), 2671–80. The Postal Service mailed a letter notifying her of its denial of her claim on January 12, 1984. On July 10 Vernell and her husband, Austin Vernell, commenced an action in the district court under the FTCA naming the United States Postal Service as the defendant. The United States Attorney for the Western District of Louisiana was served with a summons and complaint on July 13. The Postal Service filed no response to the complaint and the action was twice dismissed for failure to prosecute and twice reinstated.

In April 1986 the Postal Service filed a motion to dismiss. The district court granted the motion because the Postal Service was an improper defendant; all suits brought under the FTCA must be brought against the United States. *See, e.g., Taylor v. Small Business Administration,* 722 F.2d 105, 109 (5th Cir.1983). The district court did not rule on the issues of whether Vernell was barred from filing suit because the statute of limitations expired or whether Fed.R.Civ.P. 15(c) would allow her to amend her complaint because according to the district court Vernell never sought leave to amend her complaint. Vernell appeals and claims that the district court should have allowed her to amend

her complaint to name the United States as the defendant.[1]

## II.

### A.

■ The district court based its dismissal entirely on its conclusion that Vernell had never sought leave to amend her complaint so as to state a cause of action against the United States. The district court's conclusion is erroneous. In her opposition to the Postal Service's motion to dismiss, Vernell requested that she "be entitled to amend her complaint to name the United States as a defendant." This portion of Vernell's memo in opposition should have been construed as a motion to amend. *See Sherman v. Hallbauer,* 455 F.2d 1236, 1242 (5th Cir.1972). Moreover, the district court had no discretion to deny this motion; a plaintiff has a right to amend his pleading once as a matter of course at any time before a responsive pleading is served. *See* Fed.R.Civ.P. 15(a). At the time Vernell had filed her memo in opposition, the Postal Service had filed only a motion to dismiss. A motion to dismiss is not a responsive pleading and therefore does not extinguish the right to amend an initial pleading. *Zaidi v. Ehrlich,* 732 F.2d 1218, 1219–20 (5th Cir.1984). When a plaintiff who has a right to amend nevertheless petitions the court for leave to amend, the court should grant that petition. *Id.* at 1220. Thus the district court's rationale for dismissing the action was incorrect; Vernell had in fact taken the necessary steps to amend the complaint to name the United States as a defendant.[2]

### B.

■ Although the district court erroneously ruled that Vernell had never sought leave to amend her complaint, we take note of an issue which we must address *sua sponte:* whether service of the complaint was made in a timely manner. If Vernell's filing of the complaint was not done in a timely manner under the FTCA, the district court had no jurisdiction to hear the case. *See Charlton v. United States,* 743 F.2d 557, 558 (7th Cir.1984); *cf. United States v. One 1961 Red Chevrolet Impala Sedan,* 457 F.2d 1353, 1357 (5th Cir.1972) (noting that statute of limitations in connection with the Tucker Act should be construed strictly since waiver of governmental immunity involved; district court lacks jurisdiction when requirements not complied with). Jurisdiction is a matter which must be examined *sua sponte* if necessary. *Huff v. International Longshoremen's Association, Local No. 4,* 799 F.2d 1087, 1088 (5th Cir.1986).

Whether or not Vernell's complaint is timely depends upon whether service of the complaint was made within the six month statute of limitations period for the FTCA. *See* 28 U.S.C. § 2401(b).[3] The Postal Service mailed a letter notifying Vernell of the denial of her administrative claim on January 12, 1984. The United States Attorney accepted service of the summons and the complaint on July 13. In actions brought under the FTCA, most courts have held

---

1. The district court also dismissed the claim filed by Austin Vernell, Vernell's husband, because he did not exhaust his administrative remedies. Austin Vernell does not appeal that ruling.

2. Furthermore, the delivery of process to the United States Attorney alone, if it is done within the six month statute of limitations period, satisfies the requirement of properly notifying the United States of the action against it for purposes of allowing the amendment to relate back to the date of the original pleading. *See* Fed.R. Civ.P. 15(c); *Edwards v. United States,* 755 F.2d 1155, 1157–58 (5th Cir.1985) (per curiam). In contrast, the Ninth Circuit, relying on the requirements of Fed.R.Civ.P. 4(d)(4), has held that service must be made on *both* the proper United States attorney and the Attorney General in order to have the amendment naming the United States as a defendant relate back to the date of the original pleading. *See Allen v. Veterans Administration,* 749 F.2d 1386, 1389–90 (9th Cir. 1984).

3. Title 28 U.S.C. § 2401(b) provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun *within six months after the date of mailing* by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented. (emphasis added).

that unless the United States receives actual notice within the six month statutory period after denial of the administrative claim, the United States cannot thereafter be substituted as the correct party under Fed.R.Civ.P. 15(c). *Carr v. Veterans Administration,* 522 F.2d 1355, 1357–58 (5th Cir.1975). *See also Allen,* 749 F.2d at 1389–90; *Hughes v. United States,* 701 F.2d 56, 58 (7th Cir.1982) (per curiam). *But see Murray v. United States Postal Service,* 569 F.Supp. 794, 796 (N.D.N.Y. 1983).

■ It is clear that the six month limitations period in this case began on January 13, the day after the notice from the Postal Service was mailed to Vernell. *See Edwards,* 755 F.2d at 1156 ("Under 28 U.S.C. § 2401(b), [plaintiff] had six months from the day after this notice was mailed to bring suit against the United States.") It is unclear, however, whether the six month limitation period ended on July 12 or July 13. In *Edwards* the court explicitly reserved the question now before us: does the limitations period run from the day after mailing through the *day before* the same calendar date six months later, or does the limitations period run from the day after mailing through the *same* calendar date six months later. *Id.*[4]

Four courts have followed the first method: *McDuffee v. United States,* 769 F.2d 492, 494 (8th Cir.1985); *Kollios v. United States,* 512 F.2d 1316, 1316–17 (1st Cir. 1975); *Murray v. United States,* 569 F.Supp. 794, 796 (N.D.N.Y.1983); and *Yedwab v. United States,* 489 F.Supp. 717, 718–20 (D.N.J.1980).[5] Two courts have followed the second method: *Bledsoe v. Dept. of Housing and Urban Development,* 398 F.Supp. 315, 318–21 (E.D.Pa.1975), and *Rodriguez v. United States,* 382 F.Supp. 1, 2 (D.P.R.1974).[6]

■ We are of the opinion that the majority rule as expressed in *McDuffee* and *Kollios* is the better reasoned rule and should be adopted. Accordingly, we hold that the limitations period runs from the day after the denial of a plaintiff's administrative claim is mailed through the day before that same calendar date six months later. We so conclude because, first, waivers of sovereign immunity such as those embodied in the FTCA are to be strictly construed in favor of the government. *United States v. Kubrick,* 444 U.S. 111, 117–18, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979). *See also Goff v. United States,* 659 F.2d 560, 561 (5th Cir. Unit A Oct. 1981); *Carr,* 522 F.2d at 1357. The limitations period in section 2401(b) cannot be extended for equitable considerations.

---

**4.** In *Carr,* a case involving section 2401(b), the court found that a six months limitations period that began on February 5, 1973, ended on August 6, 1973. It is unclear which method the court was using because under both methods the limitations period would expire on a weekend day (August 4 or August 5). Under Fed.R. Civ.P. 6(a) deadlines which end on weekends are extended to the next business day, which in this case was Monday, August 6. Thus, *Carr* does not answer the question posed by this case.

**5.** The Ninth Circuit has also appeared to adopt the first method without any discussion of the problem. *Allen,* 749 F.2d at 1388–89.

**6.** The Seventh Circuit apparently uses yet another method. In *Hughes v. United States,* 701 F.2d 56 (7th Cir.1982), the FTCA claim was denied by the agency on November 14, 1980. The plaintiffs in that case filed suit on May 13, 1981, but they did not (as required) name the United States as a party defendant. On appeal, the question was whether the amendment (several months after the complaint was filed) to add the

United States could relate back and be timely. In deciding it could not, the court stated that "the plaintiffs in this case waited to file their complaint until the last day of the limitations period, May 13, 1981...." *Id.* at 58–59. *See also Stewart v. United States,* 655 F.2d 741, 742 (7th Cir.1981) (in deciding exactly the same issue presented in *Hughes,* the court describes March 26, 1980, as the "last day of the limitations period" where the letter of denial was mailed September 27, 1979). The Seventh Circuit apparently reached this result by not applying Fed.R.Civ.P. 6(a) to exclude the date of mailing. *See generally Tribue v. United States,* 645 F.Supp. 1024 (N.D.Ill.1986) (discussing the Seventh Circuit's approach).

Although the circuits are split over the issue of whether rule 6(a) should be applied to statutory limitation periods, this circuit applies rule 6(a) to federal statutes. *In re Gotham Provision Co.,* 669 F.2d 1000, 1014 (5th Cir.), *cert. denied,* 459 U.S. 858, 103 S.Ct. 129, 74 L.Ed.2d 111 (1982). Thus, we need not consider the Seventh Circuit's approach because it would not conform to our precedents.

*Childers v. United States,* 442 F.2d 1299, 1303 (5th Cir.), *cert. denied,* 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 99 (1971); *see also Anderberg v. United States,* 718 F.2d 976, 977 (10th Cir.1983), *cert. denied,* 466 U.S. 939, 104 S.Ct. 1916, 80 L.Ed.2d 463 (1984). Second, the approach we adopt today is also more consistent with the language of section 2401(b). The method used by the court in *Bledsoe,* which we reject, would allow six months and a day after the mailing date to file a claim. The statute, however, provides for a period of six months after the mailing date, and the action must begin within that period, not outside it.

Applying the rule we adopt today to the instant case, the limitations period for Vernell's action ended on July 12, 1984. Since the summons was not served on the United States Attorney until July 13, 1984, her filing is untimely and the district court had no jurisdiction to hear the case.

### III.

For the reasons stated above, the judgment of the district court is VACATED and the case is REMANDED with instructions to dismiss Vernell's complaint for lack of jurisdiction.

VACATED and REMANDED.