**Edward C. TRIBUE, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 86–2733.

United States Court of Appeals, Seventh Circuit.

Argued April 14, 1987.

Decided Aug. 12, 1987.

within statutory limits and our review discloses no improper factors considered by the trial court.

Barry A. Spevack, Monico & Pavich, Chicago, Ill., for plaintiff-appellant.

Frederick H. Branding, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill., for defendant-appellee.

Before COFFEY, RIPPLE and MANION, Circuit Judges.

MANION, Circuit Judge.

Edward Tribue filed a claim for medical malpractice with the Veteran's Administration (VA), alleging medical malpractice at a VA hospital in Chicago. The VA mailed its notice of final denial of Tribue's claim on April 30, 1985. On October 31, 1985, Tribue filed suit against the government. The government, contending that the limitations period ended October 30, moved to dismiss the suit as time-barred. The district court granted the government's motion and dismissed Tribue's suit; however, the court held that the limitations period ended October 29, not October 30. *Tribue v. United States*, 645 F.Supp. 1024, 1027–28 (N.D.Ill.1986). We agree with Tribue that the limitations period ended October 31, and, therefore, reverse and remand.[1]

28 U.S.C. § 2401(b) states that a person asserting a tort claim against the United States must sue "within six months after the date of mailing ... of notice of final denial of the claim by the agency to which it is presented." The dispute here focuses on how to calculate the six-month period when the government denies a claim on the last day of a month.

Although the ultimate issue in this case is the date the limitations period ended, we cannot answer that question until we determine what date the limitations period began. To determine what day the limitations period began, we must determine whether the date the VA mailed its denial is part of the limitations period. To conclude that the limitations period ended October 29, the district court included the mailing date. *See* 645 F.Supp. at 1027–28. The district court included the mailing date because it refused to apply Fed.R.Civ.P. 6(a), which provides that "in computing any applicable period of time ... the day or date of the act, event, or default from which the designated period of time begins to run shall not be included." The district court relied on dicta in two Seventh Circuit cases, *Hughes v. United States*, 701 F.2d 56 (7th Cir.1982) (per curiam) and *Stewart v. United States*, 655 F.2d 741 (7th Cir. 1981), to support its decision not to apply Rule 6(a), and to include the mailing date in computing the limitations period.[2] 645 F.Supp. at 1027. However, both *Hughes* and *Stewart* make only passing reference to the end date of the limitations period, and in neither case was the computation of the limitations period essential to the case's outcome. Neither *Hughes* nor *Stewart* mention Rule 6(a) or offer any rationale for the computation of the limitations period or the presumed inclusion of the mailing date as part of that period. *See Hughes*, 701 F.2d at 58–59; *Stewart*, 655 F.2d at 742. Finally, the dicta in *Hughes* and *Stewart* conflict with dictum in an earlier Seventh Circuit case, *McGowan v. Williams*, 623 F.2d 1239, 1241 (7th Cir.1980). The *McGowan* dictum indicates that the mailing date is not part of the limitations period.

---

1. Tribue also asserts that even if the limitations period ended on October 30, he timely filed his complaint because on October 30 personnel in the district court clerk's office wrongly turned away Tribue's messenger, who was attempting to file the complaint. Since we hold that the limitations period ended October 31, we do not reach this issue.

2. In *Hughes*, the agency denied plaintiff's claim on November 14, 1980. 701 F.2d at 57. The court stated, "plaintiffs in this case waited to file their complaint until the last day of the limitations period, May 13, 1981...." *Id.* at 58–59. In *Stewart*, the agency denied plaintiff's complaint on September 27, 1979. The court stated that plaintiff filed her suit on "the last day of the limitations period," March 26, 1980. 655 F.2d at 742.

*See id.* at 1240–41 (mailing date was January 26; the court stated "[o]n July 25, 1978, one day short of the six month period ...". Since there is no rationale for including the mailing date in *Hughes* and *Stewart,* and since *McGowan* apparently conflicts with *Hughes* and *Stewart,* we do not, as the district court did, find the *Hughes* and *Stewart* dicta "sufficiently clear and predictive to guide this court...." *See* 645 F.Supp. at 1027.

Rather than adopting the district court's reasoning, the government correctly concedes that we must exclude the mailing date from the limitations period, whether or not we apply Rule 6(a). Section 2401(b) itself compels this result. *See Yedwab v. United States,* 489 F.Supp. 717, 719 (D.N.J. 1980) ("§ 2401(b), like Rule 6(a), excludes the day of the event and includes the last day of the specified period"). Section 2401(b) bars tort claims against the government unless begun "within six months *after* the date of mailing" (emphasis added). By using the language *"after* the date of mailing" instead of *"from* the date of mailing," Congress has indicated its intent to exclude the mailing date from the limitations period. *Cf. Rust v. Quality Car Corral, Inc.,* 614 F.2d 1118, 1119–20 (6th Cir. 1980) (limitations period in the Truth-in-Lending Act, 15 U.S.C. § 1640(e), using the language "within one year from the date of occurrence" includes the date of occurrence).

Furthermore, if we found § 2401(b) ambiguous regarding whether to exclude the mailing date, we would exclude the mailing date by analogy to Rule 6(a). As the Third Circuit has noted, "no more satisfactory rule [for interpreting § 2401(b)] has been called to our attention than that, approved by Congress, and announced in Rule 6(a)." *Frey v. Woodard,* 748 F.2d 173, 175 (3d Cir.1984). The government has not offered, and we have not discerned, any compelling reason not to apply Rule 6(a) in interpreting § 2401(b). Therefore, based on § 2401(b)'s language, and by analogy to Rule 6(a), we conclude that § 2401(b)'s six-month limitations period does not include the date an agency mails its denial of claim.

Excluding the mailing date tells us when the limitations period begins. Knowing when the limitations period begins, we can determine when the limitations period ends by a simple and logical process. In this case, the VA mailed its denial on April 30. The mailing on the last day of the month has caused the miscalculation in this case. Excluding the mailing date means that the limitations period began on May 1. A one-month period beginning May 1 ends May 31; June 1 begins the second month. Following this process through to the end, the sixth month begins October 1, and ends October 31. Thus, the limitations period in this case ended October 31.

Another way of stating this computation is that the limitations period runs from the day after mailing to the day before the same calendar date six months later. *See Vernell v. United States Postal Service,* 819 F.2d 108, 111 (5th Cir.1987); *Murray v. United States Postal Service,* 569 F.Supp. 794, 795–96 (N.D.N.Y.1983). In this case, the mailing date was April 30; the day after was May 1. The same calendar date six months from May 1 was November 1. The day before November 1 was October 31.

Despite the simplicity of this computation, the government insists that the applicable case law establishes that the limitations period ended October 30, the six-month anniversary of the mailing date. The government's formula works when the mailing date is not at month's end. However, the result we reach is not inconsistent with the cases the government cites to support its argument. *See McDuffee v. United States,* 769 F.2d 492 (8th Cir.1985); *Kollios v. United States,* 512 F.2d 1316 (1st Cir.1975); *Murray v. United States Postal Service,* 569 F.Supp. 794, 795–96 (N.D.N.Y.1983); *Murray v. United States Postal Service,* 550 F.Supp. 1211, 1212–13 (D.Mass.1982); *Yedwab,* 489 F.Supp. 717. It is true that in all these cases, the limitations period ended on the six-month anniversary of the mailing date; however, in none of these cases did the agency mail its denial on the last day of a month. (In fact, neither party has cited, nor has our research revealed, any case in which a court

has had to compute § 2401(b)'s limitations period when the agency mailed its denial on the last day of a month).[3] Furthermore, *McDuffee, Kollios, Murray* (New York), and *Yedwab* all explicitly excluded the mailing date from the limitations period. *See McDuffee,* 769 F.2d at 493–94; *Kollios,* 512 F.2d at 1316–17; *Murray,* 569 F.Supp. at 795–96 (N.D.N.Y.); *Yedwab,* 489 F.Supp. at 720. Finally, the result in all these cases can be explained using the computation we have used.

Suppose, for example, an agency mails its notice July 23 (the date of mailing in *Kollios—see* 512 F.2d at 1316–17). The next day is July 24. The same calendar day six months from July 24 is January 24. The day before January 24 is January 23— the six-month anniversary of the mailing date, and the date the *Kollios* court held the limitations period ended. *See id.* at 1317.

A slight variation in this process occurs when an agency mails its denial at the end of a month (not necessarily the last day), and the sixth month contains fewer days than the mailing month. For example, if an agency mails its denial on August 29, 30, or 31, the six-month limitations period will end February 28 (or 29, depending on the year). Section 2401(b) allows only six calendar months in which to sue; therefore, the limitations period does not extend beyond the last day of the sixth month. *See Yedwab,* 489 F.Supp. at 719.

We recognize that we must strictly construe § 2401(b) because it is an integral part of the government's waiver of sovereign immunity. *See, e.g., Carr v. Veterans Administration,* 522 F.2d 1355, 1357 (5th Cir.1975). However, the result we reach is not inconsistent with this requirement. Nor does the result we reach "add" an extra day to the six-month limitations period, as the government contends. Tribue did have an extra day to sue the government because the VA mailed its denial letter on April 30 rather than, for example, April 29. However, that result flows from § 2401(b). Congress chose to give plaintiffs six months (instead of, for example, 180 days) after the agency mails its denial to sue, and we have interpreted § 2401(b) to give Tribue no more (but no less) than those six months to sue. A one-month period that begins on the first day of a month ends on the last day of that month; likewise, a six-month period that begins on the first day of a month ends on the last day of the sixth month. To say we must strictly construe § 2401(b) is not to say that we may narrow the waiver of sovereign immunity that Congress intended. *See United States v. Kubrick,* 444 U.S. 111, 118, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979).

Because months vary in length, the number of days in different six-month periods will vary, depending on the months the periods include. Some plaintiffs will have more days to sue; other plaintiffs will have fewer. It may seem inequitable to give some plaintiffs more time to sue than others. Any limitations period measured in months, however, will inevitably lead to limitations periods that vary in number of days. Congress could easily clear up any possible inequity (and confusion) simply by

**3.** In dictum, the Fifth Circuit has implicitly accepted the computation we have used. *Edwards v. United States,* 755 F.2d 1155 (5th Cir.1985). In *Edwards,* the United States Postal Service mailed its denial on February 28, 1983. Plaintiff sued the government on August 29, 1983. The parties stipulated that the statute of limitations expired on September 1, 1983. The court accepted the stipulation, stating "[we] do not decide whether the limitations period expired on August 31 or September 1." *Id.* at 1156. Although the court did not expressly offer any reason why the limitations period ended on either August 31 or September 1, the court did cite *Murray v. United States Postal Service,* 569 F.Supp. 794, 795–96 (N.D.N.Y.1983). As we

have noted, *Murray* stands for the proposition that the limitations period runs from the day after mailing to the day before the same calendar day six months later. Applying the *Murray* computation to the facts in *Edwards,* the limitations period began March 1 (the day after February 28) and ran until August 31 (the day before the same calendar date six months after March 1). Thus, by citing *Murray* and by noting August 31 as the only other possible ending date for the limitations period, the *Edwards* court applied the same computation we have. A recent Fifth Circuit case is consistent with this reading of *Edwards. See Vernell v. United States Postal Service,* 819 F.2d 108, 111 (5th Cir.1987).

changing § 2401(b) to measure the limitations period in days instead of months. This court, though, may only interpret § 2401(b) as Congress has written it. Because § 2401(b) gives a plaintiff six months to sue, we hold that the limitations period in this case ended on October 31. Accordingly, we reverse and remand to the district court for further proceedings.

REVERSED AND REMANDED.