Hattie PAULK, Plaintiff-Appellant,

v.

DEPARTMENT OF the AIR FORCE, CHANUTE AIR FORCE BASE, Defendant-Appellee.

No. 86–2687.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 25, 1987.

Decided Sept. 14, 1987.

**80**

John H. Otto, Zimmerly, Gadau, Selin & Otto, Champaign, Ill., for plaintiff-appellant.

David H. Hoff, U.S. Attys. Office, Danville, Ill., for defendant-appellee.

Before CUMMINGS and WOOD, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

CUMMINGS, Circuit Judge.

Plaintiff filed an Equal Employment Opportunity ("EEO") complaint with the Department of the Air Force ("Air Force") alleging that she was subject to reprisals when Air Force officials failed to carry out an agreement resulting from her previous, successful EEO complaint wherein the Air Force found that she was not selected for a position because of discrimination (she is a black female) and remedied that wrong by putting her in a job similar to the one she had sought. In the instant complaint, plaintiff made a second allegation of harassment because of her race, sex, and previous, successful EEO complaint, but this was dismissed for failure to provide specific information regarding the incidents so as to allow the Air Force to investigate them. The EEOC affirmed the dismissal of her second allegation and issued a right-to-sue letter, and plaintiff filed this action *pro se* and *in forma pauperis* in the district court.[1] Plaintiff used a *pro se* complaint supplied to her by the Clerk of the United States District Court for the Central District of Illinois. The pre-printed form complaint bore on its first page the name of the court and the heading "PRO SE COMPLAINT AGAINST EMPLOYMENT DISCRIMINATION, UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e–2 AND 2000e–5."[2] The *in forma pauperis* petition was granted and the complaint was served on May 15, 1985, upon the Air Force by certified mail and upon the United States Attorney by personal service. (Defendant's Br. 2.)

The government moved to dismiss the action on the basis that it named the wrong party as the defendant. The *pro se* complaint named the "Department of the Air Force," the defendant named in the EEO complaint, and not "Casper Weinberger, Secretary of Defense," the official the district court held to be the proper party under 42 U.S.C. § 2000e–16(c). That section requires that for civil actions seeking judicial review of EEOC decisions, "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e–16(c). This cryptic phrase provides little guidance to litigants, and, in fact, one court of appeals decided in a similar case that the Secretary of the particular branch of the armed services, here the Secretary of the Air Force, rather than the Secretary of Defense, the official selected by the district court, is the proper party. *Rice v. Hamilton Air Force Base*, 720 F.2d 1082, 1084 (9th Cir.1983) (proper party for person alleging discriminatory termination from a Navy commissary job is the Secretary of the Navy). The Secretary of the Air Force would appear to be the correct party in this action—the parties do not address the point of which Secretary is the correct party—but we are certain that the Department of the Air Force is the incorrect party.

The district court dismissed the suit because plaintiff named the wrong federal

---

1. The record is unclear whether plaintiff filed her *pro se* complaint within thirty days of receipt of the letter notifying her of final action by the EEOC. 42 U.S.C. § 2000e–16(c). The letter was dated March 8, 1985, plaintiff dated the complaint April 8, 1985, and the complaint was stamped "Filed April 12, 1985." The date plaintiff received the EEOC letter is unclear. The district court assumed the complaint was timely filed for purposes of deciding the motion to dismiss (Plaintiff's App. 24) and we do the same. The *in forma pauperis* petition was also filed on April 12, 1985.

2. The complaint is Record Item 1 and is reproduced in Plaintiff's Appendix 1–22.

governmental defendant and failed to give actual notice of the suit to the correct party within the thirty-day limitations period. The court noted that after the defendant filed its motion to dismiss, plaintiff attempted to amend her complaint to name the correct party under the relation-back provision of Federal Rule of Civil Procedure 15(c), but it held that plaintiff failed to give actual notice to the proper party within the thirty-day period (Plaintiff's App. 25). The court relied on *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), and *Hughes v. United States*, 701 F.2d 56 (7th Cir.1982), which hold that for relation back under Federal Rule of Civil Procedure 15(c) to apply, the defendant must receive actual notice, such as service of process, within the applicable limitations period. Neither of those cases dealt with a limitations period as short as the thirty-day period of 42 U.S.C. § 2000e–16(c), and the hardships occasioned by service of the proper defendant within that period cannot be lightly ignored. However, that is the import of *Schiavone* and *Hughes* and plaintiff does not argue that the shorter period here warrants some exception from this interpretation of Rule 15(c). We have held that the thirty-day limitations period is jurisdictional as to federal governmental defendants, *Sims v. Heckler*, 725 F.2d 1143 (7th Cir.1984), because, as a waiver of sovereign immunity, it must be strictly construed. Further, we have held that the naming of one federal governmental entity is not the same for notice purposes as naming another. *Hughes*, 701 F.2d at 58. Plaintiff's failure to give the correct defendant actual notice within the thirty-day limitations period would bar this action, unless some exception is applicable here.

Plaintiff argues that she named the Department of the Air Force as the defendant because the *pro se* complaint form directed her to name that entity as the proper party for her civil action. Part III of the form complaint is labeled "PARTIES TO YOUR PRO SE COMPLAINT OF EMPLOYMENT DISCRIMINATION" and section C thereunder states:

> C. Defendant(s) (You should name here the first-named respondent, or else its successor, in the previous EEOC proceeding brought by you or on your behalf).

(Record Item 1; Plaintiff's App. 4). The complaint form further directed *pro se* litigants in section C, number 5 that "you should name additional defendants *only* if they were names [sic] as respondents in a previous EEOC proceeding brought by you or on your behalf" *Id.* (emphasis added). Plaintiff wrote in "Department of Air Force United States," which was the correct response to the district court's complaint form, yet contrary to the statutory requirement.

Plaintiff argues that she should not be barred from prosecuting her action. Paulk filed her complaint and *in forma pauperis* papers within the thirty-day limitations period. She named the wrong defendant, but upon the granting of her motion to proceed *in forma pauperis*, service was had on both the Air Force and the United States Attorney. Defendant admits this (Br. 2). Service upon the United States Attorney within the limitations period is declared by Rule 15(c) to satisfy that rule's two requirements for relation back to change a party after the limitations period has expired. Fed.R.Civ.P. 15(c). The rule states:

> The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

The Advisory Committee comments to the 1966 Amendment of Rule 15(c) make clear that this provision was intended for precisely the situation in the present case:

> [A]n individual denied social security benefits by the Secretary of Health, Education, and Welfare may secure review of the decision by bringing a civil action against that officer within sixty days. 42 U.S.C. § 405(g) (Supp. III, 1962). In

several recent cases the claimants instituted timely action but mistakenly named as defendant the United States, the Department of HEW, the "Federal Security Administration" (a non-existent agency), and a Secretary who had retired from the office nineteen days before. Discovering their mistakes, the claimants moved to amend their complaints to name the proper defendant; by this time the statutory sixty-day period had expired. The motions were denied on the ground that the amendment "would amount to the commencement of a new proceeding and would not relate back in time so as to avoid the statutory provision ... that suit be brought within sixty days...." [Citations omitted.]

. . . . .

Relation back is intimately connected with the policy of the statute of limitations. The policy of the statute limiting the time for suit against the Secretary of HEW would not have been offended by allowing relation back in the situations described above. For the government was put on notice of the claim within the stated period—in the particular instances, by means of the initial delivery of process to a responsible government official (see Rule 4(d)(4) and (5)). In these circumstances, characterization of the amendment as a new proceeding is not responsive to the reality, but is merely question-begging; and to deny relation back is to defeat unjustly the claimant's opportunity to prove his case.

■ Here the complaint was served on the United States Attorney and thus relation back of the change of governmental parties was appropriate under Rule 15(c). *Vernell v. United States Postal Serv.*, 819 F.2d 108, 110 n. 2 (5th Cir.1987); *Edwards v. United States*, 755 F.2d 1155, 1157–1158 (5th Cir.1985) (*per curiam* ). This result is consistent with our earlier case of *Hughes* because there service was not had within the limitations period and thus this provision of Rule 15(c) was inapplicable. *Hughes*, 701 F.2d at 58–59; see *Edwards*, 755 F.2d at 1157 (discussing *Hughes* and noting this distinction). The complaint was

not served on the Attorney General of the United States, but this need not be done to allow relation back after the expiration of the limitations period because the notice requirement in this paragraph of Rule 15(c) is stated in the alternative. *Vernell*, 819 F.2d at 110 n. 2; *Edwards*, 755 F.2d at 1158. But see *Allen v. Veterans Admin.*, 749 F.2d 1386, 1390 (9th Cir.1984) (pre-*Schiavone* case where neither the United States Attorney nor the Attorney General of the United States was served within the limitations period, *id.* at 1388–1389, but stating in *dictum* that both must be served to allow relation back under Rule 15(c)). The plain language of Rule 15(c) stating the requirements for relation back calls for this result, and the Supreme Court directed in *Schiavone* that Rule 15(c) should be interpreted in accord with its plain language. 106 S.Ct. at 2385. Service of process on the United States Attorney gave, pursuant to Rule 15(c), the proper federal governmental defendant notice of the action and of the mistaken naming of the wrong governmental defendant and thus the district court should have granted plaintiff's request to amend her complaint.

Because plaintiff petitioned for leave to proceed *in forma pauperis*, see 28 U.S.C. § 1915, the United States Attorney was not actually served with the *pro se* complaint for more than a month after the complaint was filed and the statute of limitations had run. This delay is fully expectable due to this Circuit's rule that the district judge may consider whether the complaint is frivolous or malicious before granting leave to proceed *in forma pauperis* under § 1915(a) and authorizing issuance of the summons and service of the complaint. *Jones v. Morris*, 777 F.2d 1277, 1279 (7th Cir.1985) ("In this circuit, the district court conducts this inquiry [concerning frivolousness or maliciousness] even before the defendants are served."); *Wartman v. Branch 7, Civil Div., County Court*, 510 F.2d 130, 134 (7th Cir.1975) (same). The delay in deciding to grant this motion could easily consume the thirty-day limitations period and make impracticable the filing of *in forma pauperis* petitions in such suits. Tolling the limitations period during the

pendency of such a motion, even when the federal government is the defendant, allows 28 U.S.C. § 1915 and Rule 15(c) to operate harmoniously, instead of denying the benefits of the 1966 Amendment of Rule 15(c) to the very plaintiffs who are most likely to need it. See *supra* at pp. 81–82 (Advisory Committee comment attributing purpose of 1966 Amendment of Rule 15(c) to assist groups, such as Social Security claimants, that were having difficulties ascertaining the proper governmental defendant).

 The *in forma pauperis* statute and Rule 15(c) interact to allow for tolling during the pendency of the § 1915 motion. This interpretation is analogous to our conclusion in *Brown v. J.I. Case Co.*, 756 F.2d 48 (7th Cir.1985), where we held in a case involving a private defendant that the filing of an application for appointment of counsel along with a right-to-sue letter tolls the limitations period while the counsel request is pending. Similarly, the Sixth Circuit has held that because "the filing, processing and decision of the motion for counsel could consume the entire 30–day period," the motion for appointment of counsel tolls the statute of limitations until the motion is decided and for a reasonable time thereafter. *Harris v. Walgreen's Distribution Center*, 456 F.2d 588, 591–592 (6th Cir.1972). Additionally, an *in forma pauperis* plaintiff is not chargeable with this delay because it is solely within the control of the district court, and to prevent relation back under Rule 15(c) whenever the district court has not authorized the issuance of summons and service of the complaint within the limitations period would violate equal protection because similar claims would be treated drastically differently only on the basis of the speed with which the court chose to process them. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 441–442, 102 S.Ct. 1148, 1160–1161, 71 L.Ed.2d

265 (1982) (separate opinion of Blackmun, J.); *id.* at 444, 102 S.Ct. at 1162 (Powell, J., concurring in judgment). Therefore, once a plaintiff has filed the complaint and petition to proceed *in forma pauperis* within the limitations period, the limitations period is tolled for purposes of Rule 15(c) to allow service of summons and the complaint at the later direction of the district court.

Reversed and remanded for further proceedings consistent herewith.