Lillian CONNORS, as special administrator of the Estate of Jack V. Connors, Sr., deceased, Plaintiff,

v.

UNITED STATES of America and United States of America, Department of the Army Corps of Engineers, Defendants,

UNITED STATES of America, Third Party Plaintiff,

v.

C. IBER & SONS, INC., Third Party Defendant.

No. 85–4160.

United States District Court, C.D. Illinois, Rock Island Division.

May 16, 1989.

---

**480**

Mark Novak, Anesi, Ozmon, Lewin & Assoc., Chicago, Ill., for plaintiff.

L. Lee Smith, Asst. U.S. Atty., Peoria, Ill., and James Lewis, Asst. U.S. Atty., Springfield, Ill., for defendants.

William R. Stengel, Jr., Coyle, Gilman & Stengel, Rock Island, Ill., for third party defendant.

## ORDER

MIHM, District Judge.

This case is before the Court on the Motion of the United States to dismiss the main action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for the reason that Plaintiff failed to meet the applicable statute of limitations in filing this lawsuit. The question presented by this Motion is whether, when the statute of limitations for a cause of action against the United States expires on a weekend, the statute of limitations is satisfied by the filing of the complaint on the next work day. This Court finds that the answer to that question is "Yes," and therefore denies the United States' Motion.

This is a case brought pursuant to the Federal Tort Claims Act (hereinafter referred to as "FTCA"). The statute of limitations that governs actions under the FTCA is contained in 28 U.S.C. § 2401(b). That statute provides as follows:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of the notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

In this case, the Complaint states that the denial of Plaintiff's administrative tort claim was mailed on August 24, 1984, and the Complaint was filed on Monday, February 25, 1985. The issue to be resolved in this Motion is whether the filing on Monday was permissible where a literal application of the statute of limitations would indicate that it expired on Sunday. According to the United States, the six-month statute of limitations period began to run on August 25, 1984 and ended on Sunday, February 24, 1985, so that Plaintiff's filing on February 25, 1985 was not "within six months after the date of mailing" as required by 28 U.S.C. § 2401(b). This Court disagrees.

Two Federal Rules of Civil Procedure must be considered in resolving the statute of limitations questions. The first is Rule 6(a), which states as follows:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the Clerk of the District Court inaccessible, in which event the period runs until the end of the next day, which is not one of the aforementioned days.

Fed.R.Civ.P. 6(a). The other rule is Rule 82, which states:

> These rules shall not be construed to extend or limit the jurisdiction of the

United States district courts or the venue of actions therein.

Fed.R.Civ.P. 82.

Because both of the above Federal Rules should be given effect, the United States suggests that this Court find that the filing on Monday was permissible except if such a construction would extend this Court's jurisdiction. The United States emphasizes that this Court has no jurisdiction over a tort claim against the United States without compliance with the terms and conditions of a waiver of sovereign immunity. *Best Bearings Co. v. United States,* 463 F.2d 1177, 1179 (7th Cir.1972); *Stewart v. United States,* 655 F.2d 741, 742 (7th Cir. 1981). Yet, the United States claims that a construction which would allow the Monday filing would, in fact, result in an enlargement of this Court's jurisdiction.

This Court is cognizant of the fact that a tort claim against the United States must comply with the terms and conditions of the waiver of sovereign immunity. Nevertheless, this Court holds that Rule 6(a) of the Federal Rules of Civil Procedure extends the time limit for filing where the statute of limitations runs on a day on which the office of the Clerk of the Court is not open. Although the Court of Appeals in this circuit has not addressed this precise question, this holding is consistent with the rulings of other federal courts of appeal that have adjudicated the issue.

In *Frey v. Woodard,* 748 F.2d 173, 175 (3rd Cir.1984), the United States Court of Appeals for the Third Circuit held that an administrative claim filed under the Federal Tort Claims Act was timely where the statutory period expired on a Saturday and the claim was not filed until Monday. The Court rejected a strict construction of all statutes which might affect a waiver of sovereign immunity. *Id.* The *Frey* court also observed that Congress specifically approved Rule 6(a). *Id.*

In *Arnold v. United States,* 816 F.2d 1306 (9th Cir.1987), the United States Court of Appeals for the Ninth Circuit allowed a Post Office employee to file an employment discrimination complaint on a Monday when the statute of limitations technically ran on a Saturday. According to the *Arnold* court, Rule 6(a) extended the employee's time limit for filing to the next business day. *Id.* at 1310. This Court adopts a similar construction.

Although the United States Court of Appeals for the Seventh Circuit has not spoken to the exact issue presented here, that Court has indicated its approval of the reasoning of the Third Circuit in *Frey.* In *Tribue v. United States,* 826 F.2d 633 (7th Cir.1987), the Seventh Circuit held that the computation of the six-month statute of limitations period under 28 U.S.C. § 2401(b) should be computed from the day after the date of mailing of notice of final denial of the claim by the agency to the day before the same calendar day six months later. *Id.* at 635. In the course of so ruling, the Seventh Circuit found that the district court in *Tribue* incorrectly refused to apply Rule 6(a) in determining whether the statute of limitations was satisfied. *Id.* at 634–35. The *Tribue* Court endorsed the Third Circuit's application of Rule 6(a) in the § 2401(b) context and adopted the *Frey* Court's statement that "no more satisfactory rule [for interpreting § 2401(b)] has been called to our attention than that, approved by Congress, and announced in Rule 6(a)." *Frey,* 748 F.2d at 175 (*quoted in Tribue,* 826 F.2d at 635).

While the *Tribue* Court recognized that § 2401(b) must be strictly construed because it is an integral part of the government's waiver of sovereign immunity, *Tribue,* 826 F.2d at 636, the Court also emphasized that, "to say we must strictly construe § 2401(b) is not to say that we may narrow the waiver of sovereign immunity that Congress intended. *See, United States v. Kubrick,* 444 U.S. 111, 118, 100 S.Ct. 352, 357, 62 L.Ed.2d 259 (1979)." *Id.* The *Tribue* Court, by stating, "[W]e have not discerned [ ] any compelling reason not to apply Rule 6(a) in interpreting § 2401(b)," *Id.* 826 F.2d at 635, suggested that application of Rule 6(a) in the § 2401(b) context is not contrary to the principle of strict construction. Admittedly, the *Tribue* Court, in finding that the result that it reached did not extend the

United States' waiver of sovereign immunity, was applying the portion of Rule 6(a) which states that "in computing any applicable period of time ... the day or date of the act, event, or default from which the designated period of time begins to run shall not be included," and a different portion of Rule 6(a) is at issue in this case. Nevertheless, this Court believes that the *Tribue* Court's sanctioning the application of Rule 6(a) in interpreting § 2401(b) would extend to situations such as that presented by the case at bar.

Because this Court finds that application of Rule 6(a) of the Federal Rules of Civil Procedure dictates that the filing that was accomplished in this case was timely, the United States' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is DENIED.

It is so ordered.