**Gene Vontell GRAHAM and Sidney Wilson, Plaintiffs–Appellants,**

v.

**Gene SATKOSKI, Charlie Wright, et al., Defendants–Appellees.**

Nos. 94–1867, 94–1103.*

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 30, 1995.**

Decided April 4, 1995.

---

* These cases were consolidated for disposition by the court upon its own motion.

** After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be help-

Gene V. Graham, Pendleton, IN, for Gene V. Graham.

Anthony W. Overholt, Office of the Atty. Gen., Indianapolis, IN, for Gene Satkoski.

Sidney Wilson, pro se, Westville, IN.

Michael A. Hostettler, Office of the Atty. Gen., Indianapolis, IN, for Charlie Wright, Mike Scott, Thomas Foy, Laurie Ebling, Shelly Schmizzi, Lewis Brooks, Louis Smith, Andre Lawson.

Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Two prison inmates brought actions under 42 U.S.C. § 1983 against various prison officials. Both cases require this court to revisit an issue addressed in *Sellers v. United States*, 902 F.2d 598 (7th Cir.1990): the adequacy of the efforts of the United States Marshals Service to serve process on behalf of litigants proceeding in forma pauperis. Accordingly, we have consolidated the appeals for decision. For the reasons set forth in the following paragraphs, we affirm in part, vacate the judgments of the district court in part, and remand the cases for further proceedings consistent with this opinion.

I

BACKGROUND

In case no. 94–1867, Gene Graham, an inmate at the Westville Correctional Center

ful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record.

("WCC"), brought a § 1983 claim against the prison's payroll clerk, Gene Satkoski. Mr. Graham alleged that Mr. Satkoski had violated his due process rights in connection with the prison payroll system. The Marshals Service was directed to serve Mr. Satkoski and attempted to do so at the prison. The attempt was unsuccessful because Mr. Satkoski had left the prison's employ; the summons was returned unserved. The district court then dismissed the action pursuant to Federal Rule of Civil Procedure 4(j) (currently Rule 4(m) and hereinafter referred to as Rule 4(m)) for failure to serve the defendant within 120 days of the filing of the complaint.[1]

In case no. 94–1103, Sidney Wilson, also an inmate at the WCC, filed a § 1983 complaint and a supplemental complaint. He alleged that prison officials[2] denied him medical treatment for a scalp problem, disposed of his mail, confiscated his radio, and wrongfully disciplined him. The defendants still employed by the prison were served properly. However, as in the case of Mr. Graham, the defendants who were no longer employed by the prison, Schmizzi and Smith, were not served by the Marshals Service; the district court dismissed[3] them pursuant to Rule 4(m). The remaining defendants defaulted, and the district judge referred the case to a magistrate judge for a determination of damages. The magistrate judge recommended that the motion to vacate the default judgment be denied on the ground that the defendants had neither shown good cause for their

default nor quick action to correct it. The magistrate judge also recommended that Mr. Wilson be awarded $550 in compensatory damages, be examined by a dermatologist, and be given appropriate treatment. The district court accepted the recommendation.

On appeal, Mr. Graham and Mr. Wilson challenge the dismissal of certain defendants for lack of service. Mr. Wilson also submits that the amount of compensatory damages was inadequate and that punitive damages should have been awarded.

II

DISCUSSION

A.  *Attempted Service by the Marshal*

In both cases, the Marshals Service was directed to serve process on the designated defendants on behalf of the inmate plaintiffs. The Marshals Service is required to serve process on behalf of individuals proceeding in forma pauperis. *See* 28 U.S.C. § 1915(c); Fed.R.Civ.P. 4(c)(2); *see also* 28 U.S.C. § 566(c). In both of these cases, the Marshals Service failed to serve the defendants who no longer worked at the prison. As far as the record indicates, no effort was made to ascertain the defendants' new locations. The district court did not question the marshals' efforts and dismissed the defendants pursuant to Rule 4(m).

We do not believe that the district court's action can be reconciled with this court's decision in *Sellers v. United States*, 902 F.2d 598 (7th Cir.1990). In *Sellers*, a federal pris-

---

1.  Federal Rule of Civil Procedure 4(m) provides in relevant part:
    If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to the defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period....

2.  Mr. Wilson named the following Westville Correctional Center officials and employees as defendants: Charlie Wright, superintendent; Mike

Scott, assistant superintendent; Thomas Foy, medical doctor; Laurie Ebling, head nurse; Shelly Schmizzi, mail clerk; Lewis Brooks, custody officer; Andre Lawson, custody officer and hearing officer; and Louis Smith, custody officer.

3.  The ultimate resolution of Louis Smith's status is not entirely clear from the record. The last order in the record relevant to Smith, dated January 28, 1994, indicates Wilson was given 45 days to serve Smith or show cause why a failure to do so should be excused. Service was apparently never made. *See* R. 103.

oner brought a *Bivens* action[4] against the former warden and several former guards, and the Marshals Service was instructed to serve them. The Marshals Service failed to locate these defendants, and the action was dismissed for plaintiff's failure to serve the defendants within 120 days of the filing of the complaint. *Sellers*, 902 F.2d at 600. We held that the prisoner need furnish the Marshals Service only with information necessary to identify the defendants. *Id.* at 602. We noted that once the former prison employee is properly identified, the Marshals Service should be able to ascertain the individual's current address and, on the basis of that information, complete service. *Id.* The prisoner may rely on the Marshals Service to serve process, and the Marshals Service's failure to complete service is automatically "good cause" to extend time for service under Rule 4(m). *Id.*

■ The present cases involve state prisoners, not federal prisoners, but the distinction is irrelevant. *Sellers* is grounded in the belief that use of marshals to effect service alleviates two concerns that pervade prisoner litigation, state or federal: 1) the security risks inherent in providing the addresses of prison employees to prisoners; and 2) the reality that prisoners often get the "runaround" when they attempt to obtain information through governmental channels and needless attendant delays in litigating a case result. *See Sellers*, 902 F.2d at 602. These concerns are equally applicable to state prisoners. Although a state prison may be justifiably reluctant to provide employee addresses to a prisoner or ex-prisoner due to security concerns, it hardly can claim the same reluctance in providing the information to a federal law enforcement agency. Further, although the state claims there are state statutory procedures for providing prisoners such information,[5] the record does not reveal whether these procedures for disclosing employee information are any less onerous than the analogous federal procedures this court found lacking in *Sellers*. *See id.* at 602.

On remand, the district court must evaluate the Marshals Service's efforts and the adequacy of the state disclosure procedures in light of *Sellers*. If the Marshals Service could have obtained the new addresses of the defendants with reasonable efforts, the marshals' failure to serve process was "good cause" for purposes of Rule 4(m). Of course, if the failure to serve process was due to appellants' failure to cooperate with the Marshals Service, there may not be good cause and dismissal may be appropriate. *See Del Raine v. Williford*, 32 F.3d 1024, 1030 (7th Cir.1994).

### B. *Damages*

■ Although the entry of default established the defendants' liability, Mr. Wilson was still required to establish his entitlement to damages based upon his actual injury or loss suffered. *See* Fed.R.Civ.P. 55(b)(2); *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir.1989). Federal common law governs the recovery of damages for complaints filed under 42 U.S.C. § 1983. *Carey v. Piphus*, 435 U.S. 247, 257–59, 98 S.Ct. at 1048–50, 55 L.Ed.2d 252 (1978); *Stachniak v. Hayes*, 989 F.2d 914, 928 (7th Cir.1993); *Watts v. Laurent*, 774 F.2d 168, 179 (7th Cir.1985), *cert. denied*, 475 U.S. 1085, 106 S.Ct. 1466, 89 L.Ed.2d 722 (1986). Our case law recognizes that the trier of fact has considerable discretion in calculating damages under § 1983. We shall not reverse a judge's calculation of damages unless his calculation is clearly erroneous. *Chicago v. Matchmaker Real Estate Sales Ctr. Inc.*, 982 F.2d 1086, 1099 (7th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2961, 125 L.Ed.2d 662 (1993). This court views the evidence of damages in the light most favorable to the verdict. *Hagge v. Bauer*, 827 F.2d 101, 109 (7th Cir.1987).

■ The magistrate judge concluded that $550 was sufficient to compensate Mr. Wilson for the pain and suffering he experienced as a result of the defendants' failure to treat his scalp condition and their confiscation and disposal of his newspapers, mail, and porta-

---

**4.** *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

**5.** Ind.Code § 5–14–3–4(b)(8)(A).

ble radio. At the damages hearing, Mr. Wilson did not present any evidence concerning monetary losses incurred as a result of defendants' actions, and he did not present evidence supporting his claims of mental anguish, physical pain, and emotional stress. Under these circumstances, we cannot find that the district court's award of $550 was clearly erroneous.

■ Nor do we believe that the district court erred in refusing to award punitive damages. Punitive damages are appropriate in § 1983 cases if the judge finds "conduct motivated by evil intent or callous indifference to the federally-protected rights of plaintiffs." *Coulter v. Vitale*, 882 F.2d 1286, 1289 (7th Cir.1989); *see also Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983); *Stachniak*, 989 F.2d at 928. The record supports the determination of the district court.[6]

## CONCLUSION

For the reasons stated above, the district court's decisions are affirmed in part and vacated and remanded in part.

AFFIRMED IN PART & VACATED AND REMANDED IN PART.

---

**6.** The appellate record indicates Mr. Wilson has received a check for $550 in settlement of the judgment. Because Mr. Wilson has already received appropriate compensatory damages, the district court need only evaluate whether punitive damages are appropriate against Schmizzi and Smith. However, if the $550 payment was made by one or more of the other defendants, Schmizzi and Smith might also be liable for contribution to the defendant or defendants who paid the damages. We leave this matter for further exploration by the district court.

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record.