68 F.3d 477
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ray STEWART, Plaintiff-Appellant,
v.
Daniel McBRIDE, et al., Defendants-Appellees.
 No. 95-1316.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 26, 1995.*
Decided Oct. 10, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Prisoner Ray Stewart brought this action, pursuant to 42 U.S.C. Sec. 1983, against various officials at the Westville Correctional Center alleging violations of his Eighth and Fourteenth Amendment rights. The district court dismissed the action. We affirm in part and reverse and remand in part.
 
 FACTS
 
 2
 Stewart was attacked by fellow inmate Eric Williams in the shower at the prison, allegedly while one of the guards watched. Stewart maintains that he suffers back and leg problems as a consequence of the attack. Stewart brought this action against Daniel McBride, the superintendent of the prison; Andrew Pazera, the director of the prison; Tony Metzcus, the hospital administrator; Carolyn Shoemaker, prison nurse; T. Coldiron, guard; Robert Burch, grievance specialist; and Eric Williams, the inmate assailant. Stewart claimed the defendants violated his Eighth Amendment rights by failing to protect him from the attack, and failing to provide adequate medical care after the attack. Stewart also challenged the adequacy of the prison grievance procedures on due process grounds.
 
 
 3
 The district court dismissed the complaint as to defendants Coldiron and Metzcus because they were not served with process, per Fed.R.Civ.P. 4(m). The district court dismissed the complaint as to the other defendants on the merits, concluding that the allegations by Stewart were inadequate to show any intent to punish on the part of the prison official defendants[1] or any denial of due process rights. On appeal, Stewart maintains that dismissal was improper because the appellees failed to protect him and denied him medical care.[2]
 
 ANALYSIS
 
 4
 This court reviews the granting of a motion to dismiss de novo, and accepts all the well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. City Nat. Bank of Florida v. Checkers, Simon & Rosner, 32 F.3d 277, 281 (7th Cir.1994). The court is not, however, required to ignore facts set forth in the complaint that undermine the claim. Id. While a plaintiff need not plead facts, if he chooses to do so he may plead himself out of court. Jackson v. Marion County, No. 93-2875, slip op. at 4 (7th Circuit, September 19, 1995).
 
 
 5
 "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 114 S.Ct. 1970, 1974 (1994). However, "a prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Id. at 1979. See also Morissette v. Peters, 45 F.3d 1119, 1123 (7th Cir.1995).
 
 Service Issue
 
 6
 The dismissal of the action as to defendants Coldiron[3] and Metzcus, both former employees of the prison, was improper. Federal Rule of Civil Procedure 4(m) provides that a district court may dismiss an action if the plaintiff fails to serve the defendant within 120 days after the filing of the complaint, absent good cause for the failure to effect service. This court has held that a prisoner may rely on the Marshals Service to serve process, and that the Marshals Service's failure to complete service is automatically good cause. Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir.1995); Sellers v. United States, 902 F.2d 598, 602 (7th Cir.1990). In the case of a former prison employee, the plaintiff need only properly identify the employee; the Marshals Service should be able to ascertain the individual's current address and complete service. Id.
 
 
 7
 The record indicates that the Marshals Service made no effort to locate these defendants. On remand, the district court must evaluate the Marshals Service's efforts in light of Satkoski and Sellers.
 
 Merits
 
 8
 We agree with the district court that Stewart failed to allege the requisite subjective intent to punish required to state an Eighth Amendment claim.
 
 
 9
 As to the attack by the inmate, no defendant other than Coldiron was alleged to have been present or have any knowledge of the attack. Further, Stewart's pleadings indicated that he had no reason to anticipate an attack by Williams and that he had not previously complained to the guards or sought protection.[4] Stewart only argues that McBride and Pazera were aware that other attacks had occurred in the same dormitory, that Williams was violent, and that the prison failed to segregate offenders based on relative risk. However, the general knowledge that prisons are dangerous places and that certain types of inmates might be more vulnerable to attack does not show a subjective intent to punish on the part of the prison officials. See generally McGill v. Duckworth, 944 F.2d 344, 350 (7th Cir.1991), cert. denied, 112 S.Ct. 1265 (1992).
 
 
 10
 As to the medical care claims, Stewart's allegations fail to indicate any subjective intent to punish. Stewart's complaint and exhibits indicate that he received treatment on several occasions after the attack, including the taking of x-rays and the prescribing of painkillers. (Record # 3). The gravamen of Stewart's complaint appears to be that he does not believe the prison medical staff properly treated his injury. This alone is inadequate, as ordinary medical malpractice is not cruel and unusual punishment. Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir.1994).
 
 
 11
 AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Inmate Williams was also dismissed, as he was not a state actor nor alleged to be acting in concert with state actors
 
 
 [2]
 Stewart also argues that the district court improperly denied him discovery. Stewart did not raise this issue below, and it is waived. Further, no discovery was necessary to properly respond to the motion to dismiss. Other claims that were raised below but not renewed on appeal are also waived
 
 
 [3]
 The guard who allegedly witnessed the assault and failed to stop it
 
 
 [4]
 The day after the attack, Stewart was apparently placed in protective custody at his request