74 F.3d 1242
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James S. MURPHY, Plaintiff-Appellant,
v.
Ronald L. BURCKHARDT, et al., Defendants-Appellees.
 No. 94-2883.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 28, 1995.*
Decided Jan. 19, 1996.
 
 Before POSNER, Chief Judge, and FAIRCHILD and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Police officers from the town of Fairview Heights, Illinois arrested James Murphy for armed robbery on August 7, 1984. After his first trial ended in a mistrial, Murphy was retried and acquitted in June, 1985--the record does not indicate the exact date. Illinois officials then handed Murphy over to Missouri authorities, who charged him with a robbery there. Murphy escaped from custody in Missouri on September 13, 1985, and remained on the loose until May 20, 1986. At some point (we presume after he was recaptured rather than in absentia ), Murphy was tried and convicted for the Missouri robbery. Except for two days in 1987 during which Murphy again escaped, he has remained a prisoner in Missouri from 1986 to the present.
 
 
 2
 On July 27, 1989, Murphy filed this suit (the "police suit") under 42 U.S.C. Sec. 1983 against "Four Unknown Police Officer's [sic] With the Fairview Heights Police Department," alleging that the defendants committed a variety of constitutional violations while investigating and arresting him. On November 15, 1989, Murphy amended his suit to name the Fairview Heights Police Chief and sought discovery to identify the officers who actually arrested him; that process took three years. On December 8, 1992, Murphy filed his final amended complaint in this suit, in which he named as defendants the Fairview Heights police chief, a dozen police officers, four assistant State's Attorneys, the Municipality of Fairview Heights, the County of St. Clair, as well as various other individuals and agencies.
 
 
 3
 In 1994, the district court dismissed Murphy's claims against three of the defendants--"Sgt. Allan" (sometimes referred to in the record as "Sgt. Allen"; his first name is never given), Steven Walters and Sam Nolen--for failure to serve process. The U.S. Marshals did not serve process on these defendants because Murphy never provided the Marshals with addresses at which to serve them. The court dismissed the claims against the remaining defendants as barred by the two year statute of limitations for Sec. 1983 suits arising in Illinois. Murphy then brought this appeal.
 
 
 4
 On July 10, 1990, while this suit was pending in the district court, Murphy filed a separate Sec. 1983 action (the "jail suit") against various officials of the St. Clair County Jail, alleging that they subjected him to unconstitutional conditions of confinement while he was incarcerated there between his arrest in 1984 and his transfer to Missouri in 1985. (Murphy did not name any of the defendants to the jail suit in the final amended complaint to the police suit.) The jail suit wound its way through the district court faster than the police suit: in 1992, the district court dismissed Murphy's jail suit as barred by Illinois' two year statute of limitations applicable to Sec. 1983 actions, 735 ILCS 5/13-202.
 
 
 5
 Murphy appealed the dismissal of his jail suit, claiming that the applicable statute of limitations for Sec. 1983 actions arising in Illinois was the five year "catch-all" limitations period for tort actions in Illinois, 735 ILCS 5/13-205, and that in any event, his imprisonment tolled the statute of limitations under 735 ILCS 5/13-211. In an unpublished order, Murphy v. Justus et al., 51 F.3d 275 (1995), this court affirmed the dismissal of Murphy's jail suit. We held that the two year statute of limitations was the correct limitations period to apply to Sec. 1983 actions arising in Illinois and that the statute of limitations began to run on Murphy's claims when he escaped from custody on September 13, 1985. We also held that Murphy's subsequent recapture and reincarceration did not further toll the running of the statute of limitations on Murphy's Sec. 1983 claims. The Supreme Court denied Murphy's petition for certiorari, 64 USLW 3316 (Oct. 30, 1995).
 
 
 6
 In the present appeal, Murphy makes precisely the same legal arguments we rejected in his previous appeal--namely, that Illinois' five year "catch-all" statute of limitations for tort actions should apply to Sec. 1983 suits arising in Illinois, that the statute of limitations in this suit was tolled by his incarceration, and that despite his eight month escape, the tolling re-attached when he was recaptured. We regret that the appellees did not move to consolidate Murphy's two appeals in this court, especially considering that counsel for the appellees in Murphy's jail suit also represented a number of the appellees in this case. Furthermore, we find it troubling that after we issued our order in Murphy's jail suit the appellees did not move to file supplemental briefs in this case drawing the court's attention to the identity of issues between the two appeals and the disposition of Murphy's earlier case.
 
 
 7
 Nevertheless, we do not doubt the correctness of our earlier decision, nor does Murphy offer any reason as to why we should reconsider our previous holdings. Murphy's claims in this case accrued--at the latest--in June, 1985. His incarceration tolled the statute of limitations until he escaped from custody on September 13, 1985. At that time, the statute began running, and was not subsequently tolled by his recapture and imprisonment. The two year statute of limitations for Murphy's claims thus expired on September 13, 1987, nearly two years before Murphy filed the present suit. Accordingly, we hold that the district court correctly dismissed as barred by the statute of limitations Murphy's claims against those defendants who were served with process.
 
 
 8
 This leaves only Murphy's claims against Allan, Walters and Nolen. Murphy argues that he provided the U.S. Marshal with sufficient information to locate and serve process on these defendants, and thus has shown good cause under Fed.R.Civ.P. 4(m) as to why he should be allowed additional time to serve them. See, e.g., Graham v. Satoski, 51 F.3d 710 (7th Cir.1995). We need not reach the issue of whose fault it was that these three defendants were never served, however. Because Murphy's claims against these three defendants also are barred by the statute of limitations, the district court's dismissal of these claims was appropriate.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, the appeal is submitted on the briefs and the record