**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHN F. GREENE,
Plaintiff-Appellant,

v.

DEPUTY HOLLOWAY; STEVE SIMPSON,
Sheriff,

Defendants-Appellees,

and

LOUDOUN COUNTY SHERIFF'S
DEPARTMENT,
Defendant.

No. 99-7380

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CA-98-629-3)

Submitted: March 7, 2000

Decided: March 22, 2000

Before WILKINS and TRAXLER, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

John F. Greene, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John F. Greene appeals the district court order dismissing without prejudice his claim filed pursuant to 42 U.S.C.A.§ 1983 (West Supp. 1999). On appeal Greene argues that the district court erred when it did not allow him the opportunity to amend his complaint concerning Sheriff Simpson's liability and when it dismissed without prejudice his action against Officer Holloway for failure to serve process. After reviewing the record we affirm in part, vacate in part and remand.

Greene argues that because he is a pro se plaintiff the district court should have allowed him the chance to cure any deficiencies in his complaint concerning Sheriff Simpson. While a party may amend its pleading once as a matter of right within certain limitations, thereafter a party may amend its pleading only by leave of court or by written consent of the adverse party. See Fed. R. Civ. P. 15(a). This Court reviews the district court's orders concerning amendments to pleadings for abuse of discretion. See Foman v. Davis , 371 U.S. 178, 182 (1962); Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). Because the record clearly discloses that Greene used his amendment of right to add Sheriff Simpson as a defendant and never moved the district court to further amend his complaint to add the new theories of liability he ultimately relied on, we hold that the district court did not abuse its discretion when it dismissed without prejudice Greene's claims against Sheriff Simpson.

Greene next argues that the district court improperly dismissed without prejudice his action against Officer Holloway for failure to serve process because by identifying Defendant Holloway by his name, badge number, and last known place of employment, he did all that is required under Graham v. Satkoski, 51 F.3d 710 (7th Cir. 1995). Under Graham, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information

2

to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Fed. R. Civ. P. 4(m) if the defendant could have been located with reasonable effort. See id. at 713. This Court reviews de novo the determination that service of process was insufficient and reviews for abuse of discretion the decision to dismiss the complaint. See Marshall v. Warwick, 155 F.3d 1027, 1030 (8th Cir. 1998); Shao v. Link Cargo (Taiwan) Ltd., 986 F.2d 700, 708 (4th Cir. 1993).

Greene provided sufficient information to identify Holloway. The marshals' return merely stated that Holloway was not served because he no longer worked for the Loudoun County Sheriff's Office and suggested that he might be living outside Virginia. This statement reflects no investigative effort to locate Holloway at his new address. Because the record fails to disclose the nature of the effort, if any, in which the Marshals Service engaged when attempting to locate Holloway, we vacate the district court's order dismissing without prejudice Greene's claims against Holloway and remand so that the district court may evaluate whether the marshals could have served Holloway with reasonable effort.

Accordingly, we affirm in part, vacate in part and remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART,
AND REMANDED

3