NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 16, 2010[*]
Decided June 17, 2010

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-1369

| | |
|---|---|
| CHARLIE TATE, JR.,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 06-CV-670 |
| JOHN P. RIEGERT, et. al,<br>    *Defendants-Appellees.* | Rudolph T. Randa,<br>*Judge.* |

**O R D E R**

Charlie Tate Jr. obtained a default judgment on an Eighth Amendment claim against three Milwaukee County Jail employees who, he alleged, failed to attend to his medical needs while he was at the jail. The district court awarded Tate approximately $ 36,000 in damages. Tate appeals, and we affirm.

---

[*]After examining the briefs and the record, we conclude that oral argument is not necessary. Thus, the appeal is submitted on the briefs and the record  *See* FED. R. APP. P. 34(a)(2)(B).

Tate's civil-rights complaint alleged that he sustained harm from medical neglect arising out of two incidents at the jail. 42 U.S.C. § 1983. He alleged, first, that he injured his back and his hand when he slipped on urine and feces from an overflowing toilet in his cell and hit a concrete table. He also alleged that during a later confinement at the jail, his complaints of excruciating shoulder pain were ignored by three defendants, Dr. Troutman, Sgt. Hale, and Nurse John Riegert. Tate claimed that he had entered the jail with a broken right shoulder, the result of a car accident and a beating he suffered at the hands of police officers.

The district court construed Tate's complaints as raising Eighth Amendment claims and granted Tate a default judgment after the defendants failed to answer the complaint. The court then held an evidentiary hearing to determine damages. Regarding the first incident, the court concluded that Tate failed to show that the defendants were personally involved. Although the court allowed Tate to file additional material to prove the defendants' involvement, it denied recovery after finding that Tate's supplemental filing—an unsworn letter that Tate sent the court—did not constitute admissible evidence. As for the second incident, the court found that the three defendants were personally involved and that Tate had established a basis for compensatory damages for the pain and emotional distress he experienced over the course of a month due to the inadequate diagnosis and treatment of his shoulder injury. Based on its survey of other cases where plaintiffs were awarded damages for pain and suffering due to lack of adequate medical care, the court assessed $ 27,000 in compensatory damages and $ 9,000 ($ 3,000 from each defendant) in punitive damages. The court, however, rejected Tate's request for lost earnings because his evidence was insufficient to determine his earnings.

On appeal Tate argues that the court should have awarded damages for the first incident in the jail because, as he states in his unsworn letter, Troutman, Hale, and Riegert were all in the infirmary after his fall and ignored his injuries. We will not reverse the district court's damage award unless it was clearly erroneous. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995).

It was not erroneous for the court to deny recovery from the defendants for the first incident. Tate had to show that the defendants were personally responsible for the constitutional violation, meaning that they facilitated, approved, condoned, or ignored the violation. *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009); *Grieveson v. Anderson*, 538 F.3d 763, 775-76 (7th Cir. 2008); *Johnson v. Snyder*, 444 F.3d 579, 583-84 (7th Cir. 2006). Even if all the facts in the complaint were accepted as true, as required with a default judgment, *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994), nothing in the complaint tied Hale, Troutman, or Riegert to any injury stemming from Tate's fall in his jail cell, and Tate's

unsworn letter was "entitled to no weight as substantive evidence," *Dugan v. Smerwick Sewerage Co.*, 142 F.3d 398, 406 n.4 (7th Cir. 1998).

Tate also argues that the district court disregarded his evidence of lost earnings. But Tate's argument is factually inaccurate. The court did not disregard his evidence; it found simply that the records he submitted were not complete and comprehensive enough to establish his earnings without undue speculation. *See SNA Nut Co. v. The Häagen-Dazs Co.*, 302 F.3d 725, 733 (7th Cir. 2002); *BE&K Constr. Co. v. Will & Grundy Counties Bldg. Trades Council*, 156 F.3d 756, 770 (7th Cir. 1998).

AFFIRMED.