**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-2240**

GAIL HEMPHILL DANIK,

             Plaintiff - Appellant,

      v.

HOUSING AUTHORITY OF BALTIMORE CITY; PAUL GRAZIANO, Housing
Director; SHEILA DIXON, Mayor of Baltimore City; MARTIN
O'MALLEY, Governor,

             Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  J. Frederick Motz, District Judge.
(1:08-cv-03036-JFM)

Submitted:  August 25, 2010      Decided:  September 15, 2010

Before SHEDD, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gail Hemphill Danik, Appellant Pro Se.  Carrie Blackburn Riley,
Baltimore, Maryland; Gary Gilkey, Assistant Solicitor, BALTIMORE
CITY DEPARTMENT OF LAW, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gail Danik appeals the district court's order dismissing her complaint, filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2006), for failure to effect sufficient service of process and for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(5), (6). On appeal, she challenges only the district court's dismissal of Defendant Graziano.

We review for abuse of discretion a district court's grant of a motion to dismiss for insufficient service of process under Fed. R. Civ. P. 12(b)(5). Dickerson v. Napolitano, 604 F.3d 732, 740 (2d Cir. 2010); Shao v. Link Cargo (Taiwan) Ltd., 986 F.2d 700, 708 (4th Cir. 1993). A plaintiff may defend against a Rule 12(b)(5) motion to dismiss by establishing adequate service. Dickerson, 604 F.3d at 752. The federal rules require that a defendant be served with the complete pleading and a copy of the summons. Fed. R. Civ. P. 4(c).

Federal Rule of Civil Procedure 10(c) provides that a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) ("It would seem to follow [from Rule 10(c)] that if an attachment to an answer is a 'written instrument,' it is part of the pleadings."); Cortec

2

Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) ("Relying on Rule 10(c), we have held that the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."). Here, in addition to her substantive complaint, all exhibits Danik attached when she filed her complaint are part of that pleading. Thus, Danik's complaint included her recitation of her cause of action, along with appended material she filed with and received from the Equal Employment Opportunity Commission ("EEOC").

In a case in which the district court permits the plaintiff to file in forma pauperis, the district court must direct the United States Marshals Service to effectuate service of process. 28 U.S.C. § 1915(d) (2006); Fed. R. Civ. P. 4(c)(3). See Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010) ("In forma pauperis plaintiffs must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915."). However, the plaintiff must provide sufficient information to identify the defendant with "reasonable effort." Richardson v. Johnson, 598 F.3d 734, 738-40 (11th Cir. 2010); Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995).

3

Here, the record indicates that the address Danik initially provided was insufficient to effectuate service on Graziano because "the addressee was not known" at the specified address. Before the district court, Danik did not provide any explanation for this error. Nevertheless, out of an abundance of caution, the district court granted Danik an extension of time in which to effectuate service of process on Graziano.

Despite this extension, Danik still failed to effect sufficient service of process because she provided an incomplete packet to the Marshals for service on Graziano, including only the complaint, without the appended materials or summons. In her informal brief, Danik does not contest this vital omission. Thus, we conclude that the district court did not err in dismissing Danik's cause of action, pursuant to Fed. R. Civ. P. 12(b)(5).

We also find that the district court gave appropriate consideration to Danik's pro se status. Further, the court did not abuse its discretion in denying Danik's motion for appointment of counsel under 28 U.S.C. § 1915(e)(1) (2006). See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

Accordingly, we affirm the district court order. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED