**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 20, 2011[*]
Decided October 20, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 10-3545

| | |
|---|---|
| CHARLES DERRICK KELLER, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | No. 2:09-CV-297-JMS-TAB |
| UNITED STATES OF AMERICA, *Defendant-Appellee*. | Jane E. Magnus-Stinson, *Judge*. |

**O R D E R**

Charles Keller, a federal inmate, brought suit under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–80, but named Bureau of Prisons employees as defendants instead of the United States. He corrected this misstep in an amended complaint, but the district court granted summary judgment for the government on the understanding that Keller's

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(c).

amended complaint was filed outside the statute of limitations and did not relate back to his original complaint. We conclude that the district court erred.

Keller was attacked and seriously injured by another inmate, and he attributes the assault to negligence by prison guards. A surveillance camera captured footage of his assailant striking Keller in the head and face, even after he fell to the ground. Guards eventually discovered Keller and removed him to a medical facility. Once he recovered, Keller lodged an administrative claim with the BOP, *see* 28 U.S.C. § 2675(a), which the agency denied on April 17, 2009. Keller then had six months to sue the United States. *See id*. § 2401(b). He filed his original complaint a month ahead of the October 17 deadline, but despite citing the FTCA and noting that his administrative claim had been denied, Keller did not name the United States as a defendant. Instead he named the director of the BOP and a number of prison employees, in their official as well as individual capacities.

Judge McKinney screened Keller's complaint. S*ee* 28 U.S.C. § 1915A(a). The court assumed that Keller intended to pursue an Eighth Amendment claim against the named defendants for not preventing the attack, *see Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008); *Case v. Ahitow*, 301 F.3d 605, 605 (7th Cir. 2002), but rejected that theory on the ground that he alleged only negligent conduct. The court did acknowledge, however, that Keller might be trying instead to sue under the FTCA. If he was, Judge McKinney reasoned, the omission of the United States as defendant was fatal to his claim. Yet rather than dismiss the action, the court gave Keller until January 25, 2010, to file an amended complaint.

Keller did just that within the deadline set by the court. His amended complaint arises under the FTCA and names the United States as the sole defendant. But after the new complaint had been screened by Judge McKinney and served by the Marshals Service, the government moved for summary judgment on the ground that it was untimely and did not relate back to Keller's original complaint. *See* FED. R. CIV. P. 15(c). By then the action had been reassigned to Judge Magnus-Stinson, who agreed with the government's conclusion and dismissed the case. The court's precise reasoning is ambiguous, but apparently the judge thought that the amended complaint could not relate back because the government did not receive actual notice that it was the intended defendant until after the limitations period had expired on October 17, 2010.

Under Rule 15(c) an amendment substituting a new defendant on a claim included or sought to be included in the original complaint relates back if, within the period allotted in Federal Rule of Civil Procedure 4(m) for service of process, the new defendant "received such notice of the action that it will not be prejudiced in defending on the merits" and also "knew or should have known that the action would have been brought against it." FED. R. CIV. P. 15(c)(1)(C); *see Joseph v. Elan Motorsports Tech. Racing Corp.*, 638 F.3d 555, 558–60 (7th

Cir. 2011). Rule 15 was amended in 1991 to abrogate *Schiavone v. Fortune*, 477 U.S. 21 (1986), which held that the version of the rule then in force required notice to the defendant within the statute of limitations rather than the time for service of process. *See Delgado-Brunet v. Clark*, 93 F.3d 339, 344 (7th Cir. 1996). The drafter's comments to the 1991 amendment make explicit that Rule 15(c) incorporates not only Rule 4(m)'s standard allowance of 120 days for service of process, but also any extension of time for good cause. *See* FED. R. CIV. P. 15(c) Advisory Comm. Notes (1991 Amendment).

This amendment makes irrelevant the government's representation that it did not receive notice of the suit until after the statute of limitations had run. That delay would have mattered under *Schiavone*, but not under the current, and more-permissive, version of Rule 15(c), which requires only that notice be received within the period for service of process. On appeal, the government reads too much into our observation in *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008), that its ability to defend the FTCA claim in that case was not prejudiced since notice of the lawsuit had been conveyed "well within the service period prescribed by Federal Rule of Civil Procedure 4(m), and within the six-month statute of limitations period of 28 U.S.C. § 2401(b)." But in *Jackson* the timeliness of notice under Rule 15(c) was not at issue, and the government has taken our statement out of context in suggesting that the ample notice it received in that situation is also the minimum we will accept.  Not at all.  What *Jackson* actually holds is that the relation-back doctrine of Rule 15(c) applies equally to suits under the FTCA, just as it applies to other civil litigation. *See id.* at 697.

In this case, the government disputes only the satisfaction of the notice requirement, so Keller's amended complaint will relate back if the government received notice within 120 days—plus any extensions for good cause—of his timely filed complaint. Keller filed his original complaint and application to proceed *in forma pauperis* on September 17, 2009. The 120 days under Rule 4(m) did not begin, however, until October 6, 2009, when the district court granted *pauper* status. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 557 n.5 (7th Cir. 1996). That gave Keller until February 4, 2010, to provide notice to the government. Keller filed his amended complaint when he gave it to the prison mail room on January 14, three weeks before this deadline. *See Cannon v. Washington*, 418 F.3d 714, 717 (7th Cir. 2005). The government would have received its copy of the amended complaint with time to spare except that Judge McKinney did not order service until February 8—too late, unless the court extended the time for service.

Our court has held that a prisoner proceeding pro se *in forma pauperis* is not responsible for delays by the Marshals Service in serving a summons and complaint. *See Graham v. Satkoski*, 51 F.3d 710, 712 (7th Cir. 1995). Thus, there was "automatically 'good cause' to extend time for service under Rule 4(m)" from February 8 until the government

received service on March 1. *See id.* But our precedent does not squarely address delays attributable to screening prisoner complaints under 28 U.S.C. § 1915A. Other circuits have adopted a categorical rule that, because a pro se prisoner proceeding *in forma pauperis* is at the mercy of the district court, the time used for screening by the court automatically extends the 120-day deadline of Rule 4(m). *See Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010); *Richardson v. Johnson*, 598 F.3d 734, 739 (11th Cir. 2010); *see also Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 459 (3d Cir. 1996) (tolling Rule 4(m)'s 120 days for all *in forma pauperis* plaintiffs until court authorizes service of amended complaint). Those decisions rely in part on our rulings in *Graham* and in *Paulk v. Dep't of the Air Force*, 830 F.2d 79 (7th Cir. 1987). In *Paulk*, 830 F.3d at 83, we held that a motion to proceed *in forma pauperis* tolled the statute of limitations. (The result is the same if the tolling is treated as an automatic extension of the 120-day period.) A plaintiff proceeding *in forma pauperis* "is not chargeable with this delay because it is solely within the control of the district court." *Id.* For the same reason, in *Graham* we  likewise granted automatic Rule 4(m) extensions to pro se plaintiffs for delays in service by the Marshals Service. *See Graham*, 51 F.3d at 713. The reasoning of *Paulk* and *Graham* would seem to apply equally to the screening required by § 1915A, because prisoner complaints must be reviewed "and not filed (nor . . . the defendants  notified and served with process) until the district judge finds that they pass the statutory screen." *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). As screening is "solely within the control of the district court," any delay is not chargeable to the prisoner. *Paulk* 830 F.2d at 83.

In this case, however, we need not decide whether to adopt a categorical rule, since we conclude that Judge McKinney implicitly approved an extension of time under Rule 4(m) when he ordered service on the government. Keller argues that Judge McKinney, in permitting him to file an amended complaint, also assumed that the new complaint would relate back to the timely filed original. We have previously observed that allowing an amendment normally constitutes a finding of good cause for an extension of the period to serve new defendants under Rule 4(m). *See Donald*, 95 F.3d at 560. On the other hand, permitting service of an amended complaint is not always inconsistent with a refusal to extend the time for service under Rule 4(m); the statute of limitations is an affirmative defense that can be waived, so it would be appropriate to order service even without an extension. *See, e.g., Jackson v. Rockford Hous. Auth.*, 213 F.3d 389, 392 (7th Cir. 2000). But we find there was good cause to grant an extension here. A plaintiff's diligence is an important factor in deciding whether to grant a Rule 4(m) extension, and Keller consistently filed well in advance of both statutory and court deadlines, and he complied with all court orders. *See Donald*, 95 F.3d at 557–58 & n.6. In short, Keller believed he had done all the court required of him. *See id.* at 562. Because it would have been an abuse of discretion not to grant Keller an extension on these facts, we read Judge McKinney's directive to serve process as an implicit extension of time for at least the pendency of the court's screening of

the amended complaint and the time for the Marshals Service to serve the government (the latter extension being automatic).

Thus, the government's receipt of the amended complaint on March 1 was within the period provided by Rule 4(m), and the elements of relation back under Rule 15(c)(2) were satisfied. *See Jackson*, 541 F.3d at 696. Accordingly, we VACATE the order dismissing Keller's amended complaint and REMAND for further proceedings.