NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 19, 2013[*]
Decided May 23, 2013

Before

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 13-1280 | Appeal from the United States District Court for the Southern District of Illinois. |
| ATRELLA R. REYNOLDS, *Plaintiff-Appellant*, | |
| *v.* | No. 3:12-cv-00200-DRH-PMF David R. Herndon, *Chief Judge*. |
| AAA AUTO CLUB ENTERPRISES, *Defendant-Appellee*. | |

**Order**

At a job fair in St. Louis, Atrella Reynolds applied for a job with "AAA Auto Club Enterprises," the name the organization used at the fair. She did not get the position and filed a charge of discrimination with the EEOC. It concluded that Reynolds wanted a job with AAA Missouri, one of many businesses that formerly used the title "American Automobile Club," and attempted to conciliate her grievance with AAA Texas. This is not as strange as the names suggest. "Auto Club Enterprises," an AAA business based in Southern California, has agreements with more than 20 AAA organizations across the nation to provide administrative services. One service apparently is hiring at job fairs, and another is the handling of discrimination complaints, which for some years Auto Club Enterprises handled through attorney Derek Lipscombe, who lived in

---

[*] Defendant did not enter an appearance in the district court and is not participating in this appeal. We have decided that oral argument is not necessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Texas. By the time the EEOC attempted to deal with Lipscombe, however, he had left this position, and either Auto Club Enterprises had not named a replacement or the EEOC did not discover the right person to contact.

After the EEOC sent Reynolds a right-to-sue letter, she hired a process server to serve the complaint on:

AAA Auto Club Enterprises
Derek Lipscombe, Esq.
Managing Counsel
AAA Texas, LLC
Texas Regional Headquarters
6555 North State Highway 161
Irving, Texas 75039

This was the address the EEOC specified. The process server visited the address but was turned away and informed Reynolds: "I was told by administrative assistant [that] Derek Lipscombe does not receive papers at AAA Texas …. Instead they go to Kerville, TX office of National Registered Agents Inc. 1614 Sidney Baker St. Kerville Tx 78028." The process server did not explain why he failed to leave a set of the papers with AAA Texas, which is not entitled to refuse service just because it thinks another address better. (Service was being attempted on AAA Auto Club Enterprises, the named defendant, and potentially on AAA Texas as its agent, but not on Lipscombe; he is a lawyer, not a litigant.)

Reynolds then tried serving "AAA Auto Club Enterprises c/o National Registered Agents" by mail; it refused to accept the papers. Reynolds checked with the Texas Secretary of State's office, which told her that National Registered Agents is indeed the registered agent for service of process on AAA Texas. An online check by this court confirms this information. By then the district court had instructed the Marshals Service to serve process on Reynolds's behalf. 28 U.S.C. §1915(d); Fed. R. Civ. P. 4(c)(3). The Marshals Service twice tried to deliver the complaint and summons to either AAA Auto Club Enterprises or AAA Texas via National Registered Agents in Houston, which both times refused to accept the papers even though the Houston address to which the Marshals Service tried to deliver the papers is the precise one listed by the Texas Secretary of State as the place where AAA Texas should be served. Puzzlingly, on both occasions the federal agent walked away, rather than leaving the papers for National Registered Agents and its clients to deal with. (National Registered Agents must have retained at least one copy, however; it sent a letter on February 13, 2013, with copy to the court, stating that "AAA Auto Club Enterprises" had been served but asserting that it is not a Texas business. The letter did not say whether National Registered Agents had forwarded the papers to its client AAA Texas or to Auto Club Enterprises.)

At this point the district court dismissed the suit for failure to achieve service within the time required by Fed. R. Civ. P. 4(m). The district judge did not analyze the several service attempts, did not say what Reynolds should (or could) have done differently, and did not recognize that documents delivered in hand *have been served*, no matter what the recipient does with them. A recipient that believes itself an improper defendant must file a motion to dismiss the suit. By failing to accept documents despite three deliveries in hand (one direct and two to its registered agent, plus a mailing to its agent), AAA Texas (at least) exposed itself to a default judgment. District courts have entered default judgment under similar circumstances, with this court's approbation. See *Swaim v. Moltan Co.*, 73 F.3d 711, 721 (7th Cir. 1996). It is hard for us to understand why the district court dismissed the suit when plaintiff had done all that was possible, and the fault appears to lie with the confusing web of relations among AAA entities plus a cavalier attitude by the staff of AAA Texas and National Registered Agents.

Perhaps it would have been prudent for the Marshals Service to have served three sets of papers: one on Auto Club Enterprises in California, one on AAA Missouri in Missouri, and one on AAA Texas (though the last of these, at least, did receive service, and Auto Club Enterprises may have made AAA Texas or National Registered Agents its agent for employment-discrimination complaints). The Marshals Service is supposed to do what is necessary to accomplish service. 28 U.S.C. §1915(d); *Graham v. Satkoski*, 51 F.3d 710, 712–13 (7th Cir. 1995). It did not satisfy its duties with respect to Reynolds.

The order dismissing the suit must be vacated. On remand, the district judge should decide whether to authorize another round of attempted service, or to declare AAA Texas in default and leave the three AAA entities to work out among themselves where the responsibility lies.

We have considered another possibility: affirmance on the ground that the complaint is too skeletal to satisfy Fed. R. Civ. P. 8. But the Supreme Court held in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), that a conclusory complaint of employment discrimination is adequate. See also *Bennett v. Schmidt*, 153 F.3d 516 (7th Cir. 1998). There is undoubtedly tension between *Swierkiewicz* and later decisions, such as *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). But neither *Iqbal* nor *Twombly* overrules *Swierkiewicz*, and our duty is to apply the Supreme Court's precedents unless the Justices themselves inter them. See, e.g., *State Oil Co. v. Khan*, 522 U.S. 3 (1997). The district judge may think it prudent to require Reynolds to file a more definite statement, see Fed. R. Civ. P. 12(e), but the complaint cannot be dismissed as inadequate under Rule 8 or Rule 12(b)(6).

VACATED AND REMANDED