NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted June 4, 2014[*]
Decided June 17, 2014

Before

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

|  |  |
|---|---|
| No. 14-1468 | Appeal from the United States District Court for the Southern District of Illinois. |
| ATRELLA REYNOLDS, <br>     *Plaintiff-Appellant*, |  |
| *v.* | No. 12-cv-200-DRH-PMF <br> David R. Herndon, <br> *Chief Judge.* |
| AUTOMOBILE CLUB OF MISSOURI, a Missouri nonprofit mutual benefit corporation, <br>     *Defendant-Appellee*. |  |

## Order

Last year, we held that plaintiff Atrella Reynolds had succeeded in serving process on AAA Texas, LLC, and on "AAA Auto Club Enterprises." Since neither had answered the complaint, we remanded with instructions to "decide whether to authorize another round of attempted service [on the proper defendant], or to declare AAA Texas in default and leave the three AAA entities to work out among themselves where the

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

responsibility lies." *Reynolds v. AAA Auto Club Enterprises*, No. 13-1280 (7th Cir. May 23, 2013) (nonprecedential disposition).

On remand, the district court concluded that Automobile Club of Missouri is the only proper defendant, because the letter declining to hire Reynolds shows that it made the contested decision. The judge reformed the caption to remove AAA Texas and "AAA Auto Club Enterprises" as parties. (AAA Auto Club Enterprises appears to be a trade name rather than an organization; it is therefore not subject to suit. See *Schiavone v. Fortune*, 477 U.S. 21 (1986).) The district judge concluded that Automobile Club of Missouri is not in default. Reynolds never attempted to serve it directly, and it filed an answer after recognizing that Reynolds had presented a claim against it. The judge then entered summary judgment against Reynolds, ruling her suit untimely. *Reynolds v. Automobile Club of Missouri*, 2014 U.S. Dist. LEXIS 21560 (S.D. Ill. Feb. 19, 2014).

Reynolds does not contest the ruling on timeliness. Instead she maintains that our 2013 decision required the district court to enter a default judgment against Automobile Club of Missouri. That assertion is incorrect. As the language we have quoted shows, we told the district court to decide *whether* to declare AAA Texas in default. The judge explained why he did not do this and has complied fully with our mandate. And even if the judge *had* declared AAA Texas in default, that would not have provided Reynolds with what she seeks now—a judgment against Automobile Club of Missouri.

AFFIRMED